CASE 10.—ACTION BY J. P. MILLER AGAINST THE SOUTH-
ERN RAILWAY IN KENTUCKY, FOR DAMAGES IN
DELAYING THE TRAIN AND NOT PROVIDING A
COMFORTABLE CAR IN WHICH TO CARRY HIM |—
May 19.

## Southern Railway in Kentucky v. Miller

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff.   Defendant appeals.—Re-
versed.

1. Carriers—Carriage of Passengers—Duty of Carrier—Carrying
to Destination.—A common carrier must use ordinary care to
carry its passengers to their destination in a reasonable time,
but is not responsible for delays caused by accidents that
ordinary care may not guard against.

2. Same — Instructions — Damages.—Where plaintiff alleged that
defendant railroad negligently failed to transport him to his
destination in a reasonable time, that it failed to keep the
caboose in which he was riding comfortably heated, and failed
to put him down at the regular place for the landing of pas-
sengers, by reason of which plaintiff was made very un-
comfortable, got his feet wet, and was sick a long time,
the court should have instructed that if, as a proximate cause
of the alleged negligence, plaintiff was made sick, the jury
should find a fair compensation for the time lost and any
physical or mental suffering endured and for any permanent
reduction of his power to earn money, if such there was.

3. Same.—The court should also have instructed that plaintiff
could not recover for any suffering or sickness which he might
have prevented by ordinary care, or for anything which de-
fendant by the exercise of ordinary care could not have
reasonably guarded against; that if, when there was no neg-
ligence delaying the train, plaintiff voluntarily left it, before
it arrived, and walked to the station, he could not recover
for any sickness brought on him by the walk; and that if

Southern Railway in Kentucky v. Miller.

the delay in reaching the station was due to a wreck on the road, and could not have been avoided by ordinary care, and ordinary care was used to keep the caboose reasonably heated, they should find for defendant.

4. Same.—It is incumbent on a railroad to carry passengers to their destination, and it is immaterial who owns the track on which it runs its cars into the station.

5. Same.—That a passenger was infirm or in a condition which aggravated injuries resulting from defendant railroad's negligent delay in transporting him, and from its failure to keep its cars in a reasonably comfortable condition, did not excuse defendant from liability.

E. H. GAITHER and ALEX P. HUMPHREY, Jr., for appellant.

POINTS AND AUTHORITIES.

1. The court erred in rejecting certain evidence. (Hutchinson on Carriers, 1104; 6 Cyc. p. 587; 5 Am. & Eng. Ency. of Law, 585; Gordon v. Manchester, &c. Ry Co., 52 N. H., 596, 13 Am. Rep., 97; Cooley v. Penn. R. R. Co., 81 N. Y. Supp., 692; Gerardy v. L. & N. R. R., 102 N. Y. Supp., 543.)

2. Erroneous instruction. (Lou. Ry. Co. v. Hoskins Admr., 28 Ky. Law Rep., 124, 88 S. W., 1087; Lou. Ry. Co. v. Hartman's Admr., 26 Ky. Law Rep. 1174, 83 S. W., 570; Drake v. Holbrook, 92 S. W., 207; South Covington & Cincinnati Street Ry. Co. v. Nelson, 28 Ky. Law Rep., 287; Paducah Traction Co. v. Burradell, 31 Ky. Law Rep;, 1052.)

3. Verdict is excessive.

ROBERT HARDING for appellee.

E. V. PURYEAR, E. M. HARDIN and GREENE & VANWINKLE of counsel.

We submit that the unlighted and unheated passenger coach in which the plaintiff was compelled to ride, and which was kept in that condition during an entire cold March night, is evidence sufficient to show the company's utter indifference to the traveling public, and for this indifference and breach of duty which resulted in such serious injury to the plaintiff the verdict is none too large.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

J. P. Miller is a merchant residing at Burgin in Mercer county, Ky. In March, 1907, he went to Louisville to buy goods, and after staying in Louisville several days took the evening train home. When he reached Harrodsburg, which is a few miles from Burgin, he changed cars; the regular train going on to Danville. At that point he took a freight train which also carries passengers. The train was a little late and did not leave Harrodsburg until about 10:30 p. m. The ticket office was not open, and so he did not get a ticket. When he got upon the steps of the passenger coach, he saw that there was no light or fire in it, and so he went into the caboose, which was just behind it. He was the only passenger on the train. The conductor collected his fare, and, when they had gotten a few miles from Harrodsburg, the train stopped. This they did because there were some cars in front of them. Towards morning they moved on further, and at 7 o'clock, when they were in the yards at Burgin, but before the train had been pulled up to the platform, Miller got off and walked home. He testified that he was then seven-eights of a mile from the station. The conductor testified they were about 200 yards from the station. He testified that during the night the caboose would get very hot, and then would cool off; that the wind blew in upon him from under the door, it being a cold night, and he was very uncomfortable; that he got his feet wet in walking home; that he went home and went to bed; and that at 10 o'clock he had a high fever and continued sick for a long time. He had had Bright's disease in

the fall, but his physician testified that he was dis-
charged as cured in February.  He also testified that
the Bright's disease came back upon him in his sick-
ness, and that he was still suffering from it at the
time of the trial.  The defendant offered to show that
the reason the train could not get to Burgin was that
two flat cars loaded with long steel rails became un-
coupled by one of the drawheads coming out, thus
dumping the rails across the track and completely
blocking traffic; that there was apparently no defect
in these couplers or drawheads, and no amount of
care could prevent the drawhead from pulling out;
that by reason of the rails being upon the track there
was a congestion of cars, so that the train could not
get to Burgin sooner than it did; and that this was
the sole cause of the delay.  The defendant also
showed that there was a good walk from where Miller
got off the train to the station, and it did not appear
that he at any time complained during the night about
the caboose being uncomfortable.  The court refused
to allow the evidence offered by the defendant as to
the cause of the delay, and at the conclusion of the
evidence instructed the jury as follows: "You are
instructed to return a verdict for the plaintiff for such
sum in damages as you believe from the evidence will
be a fair compensation to him for any physical dis-
comfort, trouble, or inconvenience caused him, if any,
while in the defendant's caboose, by reason of the
failure of the defendant to carry him within a reason-
able time from its depot in Harrodsburg to its depot
in Burgin; and if you believe from the evidence that
the plaintiff was caused to be and did become sick
or injured in his physical health because of the chang-
ing conditions of heat and cold prevailing in said
caboose during the time he remained therein, or

because of his having to walk from the place in the yards at Burgin, where the train stopped, to the depot, then you will find for the plaintiff such further sum as you believe from the evidence will be a fair compensation to him for any physical and mental suffering caused him by such sickness and ill health, and for any permanent reduction of his power to earn money, if any, by said illness; your whole finding not to exceed the sum of $5,000. No 2. You can find for the plaintiff for no injuries sustained by him, if any, that are not proximate to the failure of the defendant to make the trip in the ordinary time with its caboose in ordinary comfortable condition and to deliver plaintiff at the accustomed place at Burgin where passengers alight from passenger trains.'' The jury found for the plaintiff and fixed the damages at $4,000. The court entered judgment on the verdict, and the defendant appeals.

The court erred in excluding the evidence offered by the defendant to show the cause of the delay. A common carrier must use ordinary care to carry his passengers to their destination in a reasonable time, but is not responsible for delays which are caused by accidents that ordinary care may not guard against. If there was a wreck on the road not due to the defendant's negligence, and this prevented the train from running into Burgin, the defendant is not responsible for such delay as ensued which could not be avoided by ordinary care on its part. 6 Cyc. 587; 5 Thompson on Negligence, sections 6602-6; Hutchinson on Carriers, section 654. The instructions of the court do not properly present the law of the case. In lieu of instruction 1, the court will tell the jury that if the defendant negligently failed to transport plaintiff from Harrodsburg to Burgin in a reasonable time, or negli-

gently failed to keep its caboose in a reasonably comfortable condition under the circumstances, or negligently failed to deliver plaintiff at the regular place for the landing of passengers at Burgin, and as the proximate result of these things, or any of them, the plaintiff suffered pain, or was made sick, they should find for him a fair compensation for the time lost, for any physical or mental suffering he endured, and for any permanent reduction of his power to earn money, if such there was. In lieu of the second instruction, the court will tell the jury that the plaintiff can not recover for any suffering or sickness which he might have prevented by the exercise of ordinary care on his own part, or for anything which the carrier by the exercise of ordinary care could not reasonably have guarded against, and if, when there was no negligence delaying the train, the plaintiff voluntarily left the train and walked to Burgin station, the defendant is not responsible for any sickness brought upon him by the walk. By another instruction, the court will tell the jury that if the delay in reaching Burgin was due to a wreck on the road and could not have been avoided by ordinary care, and ordinary care was used to keep the caboose reasonably comfortable, they should find for the defendant.

It is not material who owned the track upon which the defendant ran its cars into Burgin station. It was incumbent upon the defendant to carry its passengers to Burgin, and no order given by the Cincinnati Railroad Company can excuse it from its obligation. But the facts may be shown, and if by reason of the wreck the train could not by ordinary care have been run into Burgin any sooner than it was, the defendant is not liable; and if, rather than wait for the train to get down to the station, the plaintiff walked to it, when

there was no negligence on the part of the railroad company causing the delay, the defendant would not be responsible for any sickness brought upon him by reason of the walk.   The fact that Miller was infirm or in a condition which aggravated the injury will not excuse the defendant from liability.   The rule is thus stated in 3 Hutchinson on Carriers, section 1432: ''If the passenger, at the time an injury is received through the negligence of the carrier, is suffering from some disease or illness which tends to aggravate the injury, the passenger's previous infirmity will not excuse the carrier from answering in damages to the full extent of the injury as affected by such infirmity; and the fact that the carrier was not informed of the passenger's condition will make no difference.   Where a female passenger fell and was injured through the carrier's negligence while alighting from a passenger car, it was held that the fact that she wore an artificial limb which greatly aggravated the injury would not relieve the carrier from making full compensation for the real injury suffered.   So where a female passenger who was pregnant was injured in a collision of cars, it was held that the carrier was liable for the injury, notwithstanding the fact that had she not been pregnant she would not have been injured.''   See, also, L. & N. R. R. Co. v. Dougherty (Ky.), 108 S. W. 336.

Judgment reversed, and cause remanded for a new trial.