Lawrence, J.
This case is here on error to the court of common pleas, and is an action brought by plaintiff in error, plaintiff below, Elizabeth Fox, to recover damages for injuries which she claims were sustained by her by reason of the negligence of defendant.
*427 The plaintiff in her petition alleged that on the 28th day of October, 1916, the defendant company owned and operated a theatre, known as the Jewel theatre, located on St. Clair avenue, Cleveland, Ohio, in which theatre public exhibitions were had and admission charged therefor; that on that day she purchased a ticket and entered said theatre; that she was shown to or took a seat that defendant had provided, among others, for the use and occupancy of its patrons; that shortly after she had occupied said seat the bottom part of if broke, throwing her to the floor and injuring her in certain specified particulars. Plaintiff further alleged that said accident was solely and proximately caused by the defendant’s negligence, and specified the particulars.
The defendant by answer denied all the allegations of the petition except that it is an Ohio corporation, that on the day of the alleged accident it operated the Jewel theatre and charged admission, that plaintiff was a patron of said theatre and had entered it for the purpose of viewing the pictures exhibited, and that it provided all of the seats that were in said theatre at said time.
After the impaneling of the jury and the statement of plaintiff’s case, the defendant made a motion to dismiss the petition for the reason that plaintiff did not state a cause of action against the defendant. This motion was sustained, plaintiff’s petition dismissed, and exception noted by - the plaintiff. Motion for new trial was overruled, and error is now prosecuted in this court to reverse the judgment of the court of common pleas. ■
*428 The opening statement of the case to the jury is as follows:
“If your Honor please, and Gentlemen of the Jury, the facts in this case are brief so far as a statement of them is concerned.
“Along about the latter part of October, possibly along about the 27th or 28th, Mrs. Fox, the plaintiff, with her husband, who are living in Cleveland, and were at that time living in Cleveland near the Jewel theatre on St. Clair Street, near 118th Street, went to see the pictures in the theatre on that night; bought tickets, paid their admission, whatever it was, five cents possibly, and took seats in the theatre. Mrs. Fox at that time was pregnant with child, probably three months, and during the performance, and not very long after they had taken seats, the bottom of the seat fell almost completely out, letting her fall to the floor and upon her knee, which was partly under the seat. One side of the bottom of the seat broke away from the fastenings ;• 'the other side was held up partially by an iron or steel brace, so that the bottom of the seat did not fall completely down, one end was stuck up, but she fell clear down to the floor on her knee. She stayed there until almost completely recovered, and then she was. taken out by Mr. Fox. On the way out they spoke to one, who appeared to be in charge there of the theatre, whom we will prove to be Mr. Kalafat. She was taken home, and in two or three days after ■that began to feel the effects so far as her ■pregnancy was concerned, having pains in her back and began menstruating, and was taken care of as well as her husband could take care of her.
*429 She had relatives in Youngstown, and was taken there, and was attended by a doctor in Youngstown, who is here amd will tell you the exact extent of her injuries. She lost the child, with which she was pregnant at the time she fell; and she has now, in her left leg, what is known to the medical profession as Phlebitis of the blood vessels, that is, a clot that is formed there, and she now has to wear a rubber bandage, and ■ is under almost constant pain,. especially when she waiks, and it is, as the doctor will testify, a permanent injury.
“We claim that under her contract of admission to the theatre it was the duty of this defendant company to furnish her with a proper seat to see the exhibition which she paid to see; and that these injuries are directly and only caused by their failure to furnish her a proper seat; and that her injuries, through that, will go with her as long as she lives; and in addition the loss of the child, to which in all probability she would have given birth.
“Upon these facts, if we prove them, we will ask damages at your hand in an amount which will fairly compensate her for the injuries she sustained by reason of the negligence of this company in that respect.”
It will be seen that the sole question presented for our determination is, Does the foregoing statement to the jury state a cause of action against the defendant?
Plaintiff had alleged in her petition specific grounds of negligence. However, such were not included in the statement to the jury. In the view we take of the case it was unnecessary to either *430 allege or state the specific ground's of negligence causing ’the injury. This theatre was- under the management of the defendant, and in the ordinary course of things such accidents do not happen if proper care is used. The plaintiff was lawfully in this theatre, had an implied invitation not only to enter the theatre but occupy a seat provided by the management thereof, and she had a right to rely upon the safe condition of the seat provided for her, and the 'breaking of the seat itself affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.
Without further comment, this court is unanimous in the view that the doctrine or principle of res ipsa loquitur should apply to the case under consideration.
For error ifi dismissing plaintiff’s petition, the judgment of the court of common pleas is reversed and the case remanded for further proceedings.

Judgment reversed, and cause remanded.

Grant and Dunlap, JJ., concur.