# H. T. Whitson Lumber Company v. Upchurch, By, etc.

(Decided March 6, 1923.)

## Appeal from Wayne Circuit Court.

1. Damages—Injured Person Required to Exercise Only Ordinary Care in Selecting Physician.—Even an adult person when injured is required to exercise only ordinary care and prudence in the selection of his physician and must accept such as the country affords, so that a twelve year old boy was not contributorily negligent because he was treated only by one who was not a licensed physician, where the injury occurred at an isolated point, and the father and the company's foreman endeavored to get medical assistance without avail, and finally the father procured the unlicensed physician at the suggestion of the foreman.

2. Negligence—Father's Negligent Failure to Procure Competent Physician not Imputable to Child.—The father's negligent failure to procure a competent physician to attend his injured boy cannot be imputed to the boy.

3. Damages—Submission to Suggested Treatment is not Condition Precedent to Recovery of Substantial Damages for Personal Injury.—Though it is the duty of an injured person to secure relief from his injuries if he can do so by a practical treatment without serious danger to himself, or to have his damages minimized in proportion to the amount his injuries would have been reduced by such treatment, less the cost of the treatment and compensation for the pain occasioned thereby, submission to such treatment is not a condition precedent to. a recovery of damages.

4. Damages—Injured Person is not Required to Undergo Serious Operation for Benefit of Wrongdoer.—A person injured by the wrong of another is not required to take the risk of a serious surgical operation for the benefit of the wrongdoer, and his failure to do so does not reduce his recovery to merely nominal damages.

5. Damages—Instruction on Mitigation of Damages for Refusal to Undergo Operation Held Favorable to Defendant.—Where defendant introduced evidence that it had offered to pay the expenses of an operation to mitigate plaintiff's injuries and testimony by three physicians as to the nature and probable effect of such treatment, while plaintiff denied any such offer had been made, an instruction that, if the jury believed the injuries could be lessened by an operation without risk of failure and of death, they might consider the probable result which might be obtained thereby in mitigation of damages, but in that event should allow plaintiff for loss of time, pain, and suffering and expense incurred in undergoing the operation, was as favorable to defendant as it could ask.

6. Damages—$10,000.00 for Crippling Injuries to Boy's Legs Held not Excessive.—Where a boy had both legs broken and was crippled at the time of the trial, and the evidence was conflicting as to whether defendant had offered to pay for an operation

which might-lessen the injuries, a verdict for $10,000.00, though a large sum if plaintiff's former condition could be practically restored by the operation, was not unreasonable if it could not be, and does not show that the jury was moved by passion or prejudice.

GEORGE E. STONE for appellant.

DUNCAN & BELL and WM. WADDLE for appellee.

OPINION OF THE COURT BY JUDGE MCCANDLESS—Affirming.

Otto Upchurch, an infant twelve years of age, was employed by the Whitson Lumber Company to haul lumber from its sawmill to its yard a short distance away. This was done by an iron truck drawn upon a tramway by a mule, he driving the mule and assisting in unloading the lumber. It appears that some loose plank were scattered along the driveway, and he says that the company's agent promised him to move them out of the way.

In the early morning of his second day at work, while walking beside the truck, his pants leg caught on a plank, and he was thrown between the rails under the truck, one of the wheels running upon his left thigh, breaking the bone. He shouted to the mule and it stopped with the wheel still upon his leg, and in an endeavor to extricate him therefrom the truck was run over the other foot and ankle and they were badly mashed. He was confined to his bed for weeks and was unable to get around for two or three months, and is now badly crippled. His left leg is bent and shortened by two inches, while his right ankle is swollen, the bones of his foot misplaced and he is suffering from fallen arches.

For these injuries, by his father as next friend, he brought suit in the Wayne circuit court against the company and recovered judgment for $10,000.00.

It complains in this appeal (a) that he was guilty of contributory negligence, (b) that he has aggravated his damages in refusing to undergo a second treatment, (c) error in instruction, (d) that the verdict is excessive.

Dr. Hill, the physician who waited upon him, is not a licensed physician in this state, and it is claimed that it was contributory negligence on the boy's part to not procure another physician. The injury occurred at an isolated point near the Tennessee line. Both the father and the company's foreman endeavored to get medical assistance without avail, and finally, at the suggestion of the

former, the latter procured Dr. Hill. He arrived nine or ten hours after the accident and, together with Dr. Bertram, a college student, set the limb and dressed the other injuries.

An injured adult is only required to exercise ordinary care and prudence in the selection of his physician, and must accept such as the country affords. Certainly no more could be required of this helpless twelve-year-old boy lying crushed and mangled, as he was for hours. 8 R. C. L., page 449; C. C. R. Co. v. Saxby, 68 L. R. A. 164; L. & N. R. R. Co. v. Mount, 31 Rep. 211. Even if the father had been able to procure another physician and negligently failed to do so, this negligence could not be imputed to the boy. A. C. Co. v. Massey, 163 Ky. 792; L. & N. R. R. Co. v. Wilkens, 143 Ky. 576.

In addition to this the company's foreman was participating in the matter and not only did not object to Dr. Hill but actually sent for him himself, and the company is in no position to complain. It is urged that the boy was placed on a sagging cot, that the weights were removed from his feet and a pillow placed under his leg, which caused it to cup upward. While there is evidence to this effect it was stoutly denied by the appellee and his witnesses and the question of contributory negligence in all respects was submitted to the jury under instruction No. 3, which reads as follows:

"The court instructs the jury that if they believe from the evidence that the injury or injuries to the plaintiff, Otto Upchurch, were materially increased or aggravated by failure, if any, on his part to use such personal care in the effort to effect a cure as would have been used or employed under similar circumstances by a boy of the age, capacity and experience of Otto Upchurch, they should not allow him any damages that may have resulted from such aggravation, if any, to his injuries."

Two officers of the company severally testified that they visited the boy's parents and in his presence proposed to send him to the hospital for retreatment, and that the company would pay his expenses, or that they would have a surgeon visit him and treat him at home. This treatment was outlined by three physicians, who testified that the fractured limb could be rebroken and straightened, making it just a little shorter than the other leg; or that by breaking it and grafting a bone upon it, it could be extended to its original length; that the ankle

and foot could also be treated, and while they could not be fully restored to their normal condition, that his injuries as a whole could be reduced to such an extent that there would be practically no physical impairment of his power to earn money and that this operation would be attended with slight risk and but little pain. They admitted, however, that it would require the administration of anaesthetics, an expensive operation, and quite a long time spent in the hospital. The appellee, his father and mother all deny that these officers made them any such propositions for surgical treatment or that they refused to accept them.

It may be considered as a general proposition of law that where a person claims damages resulting from the negligence of another and it is shown that by a practical treatment he can reduce his injuries or secure relief from them without serious danger to himself, it is his duty to do so, or to have his damages minimized in proportion to the amount his injuries would have been reduced by such treatment, less the cost of treatment and compensation for the pain occasioned thereby; but we are not aware of any decision where it has been held that such a course is a condition precedent to a recovery of damages. At any rate one is not required to take the risk of a serious surgical operation for the benefit of the wrongdoer, and his failure to do so does not reduce his verdict to merely nominal damages. 8 R. C. L. 488; L. & N. R. R. Co. v. Kerrick, 178 Ky. 491; Stewart Dry Goods Co. v. Boone, 180 Ky. 205.

Indeed, it has been held that under such circumstances a refusal to undergo a serious and critical surgical operation could not be considered in mitigation of damages. Mattis v. P. T. Co., 6 Pa. Dist. 94, 19 Pa. Co. Ct. 106. On the issue of fact as to this proposition and as to the appellee's duty as affecting the measure of damages the court instructed the jury:

"If you believe from the evidence that the plaintiff's injuries could be lessened and improved by surgical operation without attendant risk of failure and of death, then you are instructed that you may consider the probable result that might be obtained in the mitigation of damages you are authorized to find under instruction number one, but if you believe that such operation would be successful and improve the condition of plaintiff, then you are authorized to consider as damages to the

plaintiff such loss of time, pain and suffering and expense as might be incurred by reason of such operation.''

This instruction appears as favorable as appellant could ask. So that, in the last analysis, the real question is as to whether or not the verdict is excessive. It is for a large sum, and if the injuries are of the character that he could be practically restored under the conditions above set out the verdict might seem excessive, while if he is to go through life in his present condition it is not unreasonable. C., N. O. & T. P. Ry. Co. v. Nolan, 167 Ky. 11; C., N. O. & T. P. Ry. Co. v. Goode, 169 Ky. 102; Gnau v. Ackerman, 166 Ky. 258.

In this respect it will be observed that issues of fact were raised as to these matters and submitted to the jury, and it was their province to determine as to the advisability of a surgical operation and its attendant risks, as well as to the result to be obtained thereby, and we are not prepared to say that their verdict strikes one at first blush as a result of passion or prejudice.

Judgment affirmed.