MICHAEL REINZI, Respondent, *v.* GEORGE C. TILYOU et al., Appellants.

FRANCES REINZI, Respondent, *v.* GEORGE C. TILYOU et al., Appellants.

(Argued October 14, 1929; decided November 19, 1929.)

*William Dike Reed* and *K. Courtenay Johnston* for appellants. In the absence of any notice of a defective or dangerous condition of the defendant's horse, the complaint should have been dismissed. (*O'Toole* v. *Thousand Island Park Assn.*, 206 App. Div. 31; *Sherman* v. *Western Trans. Co.*, 62 Barb. 150; *Schmidt* v. *City of New York*, 179 App. Div. 667; *Stelter* v. *Cordes*, 146 App. Div. 300; *Dunning* v. *Jacobs*, 15 Misc. Rep. 85; *Dwyer* v. *Hills Brothers Co.*, 79 App. Div. 45; *Rankin* v. *Ittner Realty Co., Inc.*, 242 N. Y. 339; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Fox* v. *Village of Manchester*, 183 N. Y. 141; *Todd* v. *City of Troy*, 61 N. Y. 506; *Dougherty* v. *City of New York*, 146 App. Div. 727.) The verdict was unsupported by any evidence. (*McPherson* v. *City of New York*, 204 N. Y. 430; *Loftus* v. *Union Ferry Co. of Brooklyn*, 84 N. Y. 455; *O'Toole* v. *Thousand Island Park Assn.*, 206 App. Div. 31; *Nelson* v. *Lehigh Valley R. R. Co.*, 25 App. Div. 535; *Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y. 479; *Laffin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136; *Lumsden* v. *Thompson Scenic R. Co.*, 130 App. Div. 209; *Denver P. & A. Co.* v. *Pflug*, 2 Fed. Rep. [2d] 961; *Cleveland* v. *New Jersey Steamboat Co.*, 125 N. Y. 299.)

*Thomas J. O'Neill* and *Charles D. Lewis* for respondents.

POUND, J. The plaintiffs offered evidence from which the jury might find the following facts:

The plaintiff Michael Reinzi went with his wife, the plaintiff Frances Reinzi, on July 3, 1924, to seek recreation on the steeplechase horses at Steeplechase Park, Coney Island, operated by the defendant-appellant as an amusement park. The steeplechase horses are wooden horses constructed to carry two riders. They operate by gravity on an incline track 1,400 feet long and go up and down, straight away and around curves in sets of four horses each. A race is thus simulated, giving to the riders the thrill of competitive action on galloping horses but the riders have

no control over the speed of their chargers. The horses are constructed so that the front rider has a bar of iron bolted to the horse resembling a set of bridle reins or an iron cross bar eleven inches wide connecting the reins to hold on with his hands and iron supports on each side resembling a stirrup in which to put his feet. The rear rider is left to hold on to the front rider. A bar of iron on either side furnishes a support for his feet. Reinzi and his wife were in weight somewhat above the standard for their height. He weighed 230 pounds and his wife weighed 190. When they came to the place after having paid for the ride each wanted to ride a single horse because of their weight. But the horses were built for two and they were told to ride together on the back of one horse and that everything would be all right. They started off, riding astride, with Mrs. Reinzi in front and her husband mounted behind holding on to her waist. There was nothing else for him to hold on to as he could not reach the bar in front of his wife. After reaching the top of an incline they coasted down and had gone around a curve near the finish when Mrs. Reinzi's right stirrup broke and she and her husband fell off sustaining injuries. Reinzi says he had hold of his wife and they both fell off when she fell. The plaintiffs' theory of the case is that the stirrup broke and that Mrs. Reinzi lost her balance and fell carrying her husband with her. The evidence sustains a finding to that effect and the question is whether defendant's negligence has been established as the sole cause of the accident.

At the close of the case a motion to dismiss was made upon the ground, among others, that there was no proof of notice, actual or constructive, of the defect complained of which caused the accident, namely, the breaking of the stirrup. The motion was denied and an exception taken. This ruling was proper. Defendant's witnesses testified that the horses were regularly inspected and that on the day of the accident everything appeared to be in

good order and that thousands of people rode them in a·season and that only one other accident was known to the manager, the circumstances of which were not shown. The question was, however, one for the jury, for a presumption of negligence arose from the mere proof that the stirrup· broke in the surroundings of the accident. (*Goldstein* v. *Pullman Co.*, 220 N. Y. 549, 554.) This presumption might be met by evidence of proper care and inspection but the credibility of the defendant's employees was for the jury to pass upon.

Defendant was held to a high degree of care, having in mind the possibility of peril from unstable equilibrium, and the jury, having that degree of care in mind, might have found that the defect was one that could have been discovered by taking proper care to ascertain the danger and to guard against injury resulting therefrom and that such care was lacking. Obviously, the danger inherent to the sport was serious enough to justify the belief that proper precautions should be taken to avert it. (*Tantillo* v. *Goldstein Bros. Amusement Co.*, 248 N. Y. 286; *Murphy* v. *Steeplechase Amusement Co., Inc.*, 250 N. Y. 479.) The horses could be ridden in safety only if the supports provided by the defendant were proper and adequate. Defendant was bound to exercise proper care to see that they were fit for their purpose. Notice of the danger was enough to charge defendant with notice of the defect in the absence of proper inspection.

When the case was submitted to the jury no question of notice was presented for their consideration and no request was made for instructions on the subject. The question is not in the· case except as presented by defendant's motion to dismiss.

So much for the case of Mrs. Reinzi. In the case of her husband the evidence is sufficient to present a question of fact whether the supports furnished him were adequate. As he was secure only as his wife was secure and the rest for his feet adequate, the question would be

whether in the exercise of proper care he should not have been furnished with handhold and foothold sufficient to enable him to keep his balance. He was unable to reach about his wife to get a hold on the bar which was provided as a grip iron for the rider in front. It may be that no rear rider was expected to reach beyond his lady friend when he could reach around her. His footing was also precarious. The fall of his wife caused his fall. He was left dependent upon her for support and she in turn was dependent upon the stirrups. This is not a case where the fun came from being thrown off the horses. That was not a part of the sport.

The dangers were not so obvious as to charge plaintiffs with contributory negligence as matter of law. They saw others riding in safety and were assured that the appliance was safe.

The judgment in each action should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments affirmed.