## Billroy's Comedians v. Sweeny.

(Decided March 27, 1931.)

W. B. MORROW for appellants.

W. N. FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY.—Affirming.

In this action by Irene Sweeny, an infant, suing by her husband and next friend, against William Wehle and William Roy, partners doing business as Billroy's comedians, to recover damages for personal injuries,

she was awarded a verdict and judgment for $3,000. The defendants appeal.

The facts are these: Appellants were conducting a show in the city of Somerset and gave a performance on the evening of May 7, 1929. Appellee, a colored woman, purchased a ticket, entered the tent and took a seat in the section set aside for colored people. The seat she occupied was three or four feet from the ground. Like circus seats the seats were built like stair steps. They were made of wood, braced on upright planks. The planks were braced by ropes at the top and by driven stakes at the bottom. None of the seats or planks were broken, but the seats suddenly swerved to one side, and the entire section collapsed. Appellee's ankle was sprained, and she received internal injuries which will hereafter be discussed. There was further evidence by a witness for the defendants that he was present on the occasion in question. Just before the seats fell he saw a large negro man leaning against the timbers that supported the seats and held them in position. The negro was pushing against the timber and he told him to desist. The negro continued to lean and push against the timber at the end of the section until the seats collapsed. None of the timbers broke, and the seats fell in the direction that the negro was pushing. The fall of the seats was caused by the acts of the negro. On cross-examination he stated that the negro was a stranger to him, and was about six feet nine inches tall.

It is first insisted that the court erred in refusing to direct a verdict in favor of appellant. The basis of this contention is that, though the falling of the seats was sufficient under the res ipsa loquitur doctrine to make out a prima facie case of negligence, this showing was completely overcome by the uncontradicted evidence that the collapse of the seats was due to the leaning and pushing of the tall negro. The difficulty with this position is that the credibility of the witness was for the jury, and in view of the unusual size of the negro and the absence of supporting evidence by others, who would not have overlooked one of his proportions, the jury may have concluded that the witness was drawing on his imagination. Not only so, but the evidence is not susceptible of the conclusion that the negro was deliberately engaged in trying to push the seats down. All that can be gathered from the evidence is that the pushing was caused by his leaning against the timber. That being true, the jury

had the right to conclude that the seats were not properly braced or supported, else they would not have swerved from the force used by the negro. On the whole we are constrained to the view that the question of negligence was for the jury, and that the court did not err in refusing the peremptory instruction.

The further point is made that the instruction on the measure of damages was erroneous in that it authorized a recovery for permanent impairment of power to earn money without sufficient evidence of permanent injury. The decision of this question requires a brief resume of the evidence. According to appellee her ankle was sprained and she suffered great pain in her abdomen and back. She had never had that trouble before. The two physicians who attended her said that she was also suffering from prolapsus of the womb, and this condition they attributed to the fall. Both physicians were of the opinion that this condition was permanent, though one of them said that it might be relieved by a minor operation, and the other stated that an operation would effect a cure, but it was possible appellee might suffer some as a consequence. Though it is the duty of the injured person to secure relief from his injuries if he can do so by practical treatment without serious danger to himself, or to have his damages minimized in proportion to the amount his injuries would have been reduced by such treatment, less the cost of treatment and compensation for the pain occasioned thereby, submission to such treatment has never been regarded as a condition precedent to the recovery of damages. Moreover, one is not required to take the risk of a serious surgical operation for the benefit of the wrongdoer, and his failure to do so will not reduce the verdict to mere nominal damages. H. T. Whitson Lumber Co. v. Upchurch, 198 Ky. 127, 248 S. W. 243. In the matter of operations the words "major and minor" are mere relative terms, and, in the absence of more precise evidence as to the suffering, cost, and danger incident to the operation necessary to relieve appellee's condition, we are not disposed to hold as a matter of law that her injury was not permanent. On the contrary, it is clear that both the cause and the permanency of the injury were for the jury, and that the court did not err in authorizing a recovery for the permanent impairment of appellee's power to earn money.

Judgment affirmed.