[Civ. No. 7879.  First Appellate District, Division One.—November 27, 1931.]

MARIE BINNS, Appellant, v. E. E. STANDEN, Respondent.

626

Edmund J. Holl for Appellant.

No appearance for Respondent.

KNIGHT, J.—Appellant while riding in an automobile as the guest of respondent was injured when the automobile ran into an embankment along the side of the highway and overturned; and thereafter she brought this action against respondent for damages. A motion for nonsuit was granted and the appeal is taken from the judgment entered thereon.

The accident happened in June, 1930, and therefore is subject to the provisions of section 141¾ of the California Vehicle Act (Stats. 1929, p. 1580) which declares, among other things, that any person who as a guest accepts a ride in a vehicle operated on a public highway shall have no right of action against the driver of the vehicle on account of injuries sustained while riding as such guest, unless it be established that such injury resulted from the intoxication, wilful misconduct or gross negligence of the driver. Appellant makes no claim that respondent was intoxicated or guilty of wilful misconduct, and consequently under the requirements of said section, before she was entitled to damages, it was essential for her to establish that her injuries were the result of respondent's gross negligence.

■ The evidence relating to the circumstances of the accident was without conflict. It consisted only of the respondent's deposition, which appellant introduced in evidence as part of her case, and her own oral testimony. It appears therefrom that earlier in the day the parties drove from San Francisco to Santa Cruz and that the accident occurred on the return trip to San Francisco, late in the afternoon, on the Skyline Boulevard, in San Mateo County. They had just passed over a straight stretch of highway and were rounding a left curve on a slight upgrade, when, according to the testimony of respondent, he was suddenly and momentarily blinded by the sun, and before he could stop the automobile or recover his vision the automobile drew over to the left side of the curve and into the embankment. There is nothing in appellant's testimony which conflicts with that given by respondent. In fact she frankly admitted that she knew very little about the cause of the accident, that it all "happened like the snapping of fingers". She was unable to say whether it "was a sharp turn or a wide turn, or what sort of a turn" it was, and she finally stated: "To tell the truth I was riding and was not looking." Counsel for appellant calls attention to a statement made by her to the effect that upon approaching the curve respondent did not "cut down his speed", but she admits that he was traveling less than 35 miles an hour, which was well within the statutory limit; and the evidence shows without dispute that he was keeping to the right-hand side of the highway, which was paved and smooth, 60 feet wide, and clear of traffic. Moreover, the fact that the automobile ran into an embankment on the left side of a left curve is in itself proof that the accident was not caused by excessive speed, because if the automobile were unable to negotiate the curve on account of excessive speed necessarily it would have swerved toward and into the right embankment. In view of the foregoing undisputed facts, the trial court was fully justified, in our opinion, in holding as a matter of law that appellant's claim of gross negligence was unsupported.

■ Appellant seeks to invoke the benefit of the inference of negligence arising from the doctrine of *res ipsa loquitur;* but obviously she is precluded from doing so because even assuming that such doctrine is available in

cases such as this, where it is essential to establish "gross" negligence, as distinguished from "ordinary" negligence, the record discloses, as already pointed out, that in support of and as part of her case she introduced in evidence respondent's deposition from which it appears without contradiction that the accident was caused by a sudden condition which he could not have foreseen, and over which he had no control; therefore, under such circumstances, whatever inference of negligence may have arisen from the mere fact of the happening of the accident, disappeared. (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529].)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 26, 1931.