NINA M. KILGORE *vs.* THE SHEPARD COMPANY.

FEBRUARY 5, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. Plaintiff brought this action on the case for negligence in the Superior Court to recover damages for personal injuries. At the close of the plaintiff's case defendant rested and moved for a directed verdict. The trial justice granted the motion and the case is before this court on plaintiff's exception to this ruling.

It is alleged in the declaration that defendant provided chairs at a table in its store for the convenience of its customers; that its duty was to warn customers of any defects in the chairs which were not apparent; that defendant, unmindful of its duty, negligently permitted a defective chair to remain at said table and neglected to warn plaintiff of a defect in the chair.

The testimony produced to prove these allegations was that plaintiff entered the store for the purpose of purchasing some textile paints which were displayed on a table; that several persons were around the table waiting to be served; that the saleswoman was not there; that plaintiff moved a chair about six inches from the table and that as she sat on the chair it gave way and she fell to the floor. The chair was described as being about two feet high and having a short back. The legs of the chair were outside of a wooden ring which was about ten inches from the floor, and fastened to the legs with screws. An examination of the chair immediately after plaintiff fell showed that the top of the left front leg was out of its socket in the seat and that the leg was broken about two inches from the floor. A witness testified that it looked as if the glue had dried and had allowed the leg to get out of the socket. The other legs were firmly glued into the seat of the chair.

The trial justice directed a verdict because there was no evidence to support an inference that the defendant was negligent in any way or that the defendant had actual or constructive notice of the defect in the chair.

Plaintiff claims that the jury might reasonably have inferred from the evidence that the top of the leg was out of its socket and that, when plaintiff sat on the chair, the top of the leg slanted outwards and the lower part inwards and that it broke thereby throwing plaintiff to the floor; that the leg might have been loose for some time and that defendant's servants could have discovered the defect by ordinary inspection. The claim is not supported by any evidence. It is well established that negligence is not presumed from the mere fact of an accident or an injury. Inferences based on mere conjecture or probabilities will not support a verdict. *Mahan* v. *Hines, Director Gen. of Railroads,* 115 Atl. (Me.) 132.

There is no evidence tending to show that the leg was out of its socket when plaintiff moved the chair. From aught that appears the leg was in its normal position. If it had

been otherwise the plaintiff probably would have noticed it. Even if plaintiff's claim is true, there is no testimony tending to show how long the leg had not been in its normal position or to show that defendant's servants should have had knowledge of the defect by the exercise of reasonable care.

Plaintiff contends that her testimony entitled her to the benefit of the doctrine of *res ipsa loquitur*. The contention cannot be sustained. The doctrine does not apply where the thing occasioning the injury was not under defendant's control. *Sylvia, Adm.* v. *Newport Gas Light Co.*, 45 R. I. 515. The application of this doctrine is limited by the following considerations: (1) The apparatus or thing must be such that in the ordinary instance no injury would result unless from a careless construction, operation or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged with neglect and (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. 5 Wigmore on Evidence, § 2509. *Schiesel* v. *Poli Realty Co.*, 142 Atl. (Conn.) 812; *Springs* v. *Doll,* 197 N. C. 240; 45 C. J. 1214.

Applying these limitations of the doctrine to the testimony, we find that plaintiff is not entitled to the benefit of the doctrine because it appears that the chair was under her exclusive control and use from the time she moved it from the table. The chair was a portable one and was voluntarily used by plaintiff without any suggestion on the part of the saleswoman.

In *Hope* v. *Longley*, 27 R. I. 579, this court held that, the doctrine of *res ipsa loquitur* had no application to a door accidentally left open because it was an ordinary device the function of which was obvious to all persons. We think a chair should be placed in the same category.

For these reasons we find no error in the ruling of the trial justice. Plaintiff's exception is overruled and the case

is remitted to the Superior Court for judgment on the directed verdict.

*William H. McSoley,* for plaintiff.

*Sherwood, Heltzen & Clifford, Sidney Clifford,* for defendant.