[*Civ. No. 10665. Second Appellate District, Division Two.—February 19, 1936.*]

GLEN W. MICEK et al., Respondents, v. WEAVER–JACKSON COMPANY (a Corporation), Appellant.

20

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt, for Appellant.

Irving E. Read and James E. Minds for Respondents.

GOULD, J., *pro tem.*—Plaintiff Glen W. Micek, a customer in a "beauty. parlor" operated by defendant corporation, was injured when a swivel chair in which she was invited to sit for the purpose of receiving a hair treatment collapsed, precipitating her to the floor. Upon a trial by jury damages were awarded to her and to her husband, also plaintiff herein. Defendant corporation appeals.

Testimony adduced in behalf of plaintiffs offered no hint as to the cause of the collapse of the chair. Defendants' witnesses testified that the chair was of standard make, commonly used for the purpose; that it was one of a large number used in their stores; that the particular chair in question was one of a dozen purchased five years before and continuously used without accident or breakage since the date of purchase; that the equipment of the "beauty parlor" was regularly inspected; that the collapse of the chair involved was due to the breaking of a ¾-inch thick steel spindle, which spindle was concealed in a metal sheath so that the spindle itself would not be observed except by disassembling the chair, and that inspection of the broken part after the accident revealed a clean, fresh break.

Appellant seeks to avoid liability upon the theory that the accident was an unavoidable one, and complains of certain instructions given or refused by the court.

█ The injured customer was an invitee upon the premises of appellant, to whom appellant owed the duty of exercising ordinary care and prudence (*Brinkworth* v. *Sam Seelig Co.*, 51 Cal. App. 668 [197 Pac. 427]), and the latter was not the insurer of the safety of its invitees (*Blodgett* v. *B. H. Dyas Co.*, 4 Cal. (2d) 511 [50 Pac. (2d) 801]). █ Neither was appellant responsible for latent defects in its equipment which it could not have discovered by the exercise of ordinary care (*Baddeley* v. *Shea*, 114 Cal. 1 [45 Pac. 990, 55 Am. St. Rep. 56, 33 L. R. A. 747]); and ordinarily the questions of the exercise of ordinary care and of the negligence of the owner or proprietor of the store are facts to be determined by the jury under appropriate instructions by the court (*Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646]).

█ In the case here under consideration the trial court erroneously, we believe, refused to advise the jurors upon the law relating to concealed or latent defects in the chair, and appellant was deprived of its right to have this phase of the case considered by the fact finders. An instruction upon the subject of latent defects refused by the court in the within case is essentially the same as one approved by the Supreme Court in the case of *Baddeley* v. *Shea*, *supra*, as substantially correct.

█ Appellant also objects to the court's instructions given at respondents' request upon the doctrine of *res ipsa loquitur*. The rule as declared in Shearman and Redfield on Negligence, section 60, was adopted by our Supreme Court in *Judson* v. *Giant Powder Co.*, 107 Cal. 549 [40 Pac. 1020, 48 Am. St. Rep. 146, 29 L. R. A. 718], as a correct formulation of the doctrine, in the following language: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." In other words, the happening of the accident itself, without any other evidence on the part of plaintiff, raises a presumption or inference of negligence on the part of defendant, and by virtue of that

presumption plaintiff, without any positive evidence as to the cause of the accident, establishes a *prima facie* case. To meet this rebuttable presumption defendant then assumes the burden of advancing evidence, not to satisfactorily account for the accident and to show the actual cause of the injury, but merely to rebut the inference that he had failed to use due care. (45 C. J. 1222.) The general rule that the burden of proving negligence on the part of the defendant rests throughout the trial upon plaintiff is not affected by the doctrine of *res ipsa loquitur,* and the presumption which arises in favor of plaintiff in a case where the doctrine applies does not cast upon defendant the burden of proof in the sense that the latter is bound to establish freedom from negligence by a preponderance of the evidence. (*Rost* v. *Roberts,* 180 Wis. 207 [192 N. W. 38].) The weight of the inference as well as the weight of the explanation is for the determination of the jury.

In the instant case, while plaintiffs in our opinion were entitled to invoke the doctrine of *res ipsa loquitur,* defendants had the right to rely upon the defense that a latent defect was the sole cause of the accident, and appropriate instructions relative thereto should have been given to the jury.

The judgment is reversed and the cause remanded for a new trial.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 9, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1936.