[Civ. No. 10631. Second Appellate District, Division One.—March 3, 1936.]

MITZI GROSS, Respondent, v. FOX RITZ THEATRE CORPORATION (a Corporation), Appellant.

Lasher B. Gallagher for Appellant.

Hunsaker, Moote & Longcroft for Respondent.

HOUSER, P. J.—From the record herein, it appears that on a date specified in a complaint in an action that was brought by the plaintiff against the defendant, it was alleged that the defendant was the owner and the operator of a motion picture theatre ''open to the public and charging admission from its patrons''; that after paying the admission charged to such theatre, plaintiff was admitted therein, and thereupon ''was ushered by the employees and/or agents of said defendants to a seat in the balcony of said theatre'', which ''was in a darkened condition, and that the only available seat was a vacant chair in the left aisle; . . . that said plaintiff sat in said chair, viewing the performance for a period of approximately twenty (20) minutes, and without warning, the said chair collapsed, injuring plaintiff''.

The action resulted in a judgment being rendered in favor of plaintiff. From that judgment the defendant appealed to this court. Thereupon respondent gave notice of her motion to dismiss the appeal or affirm the judgment, on the ground that the "question on which the decision of this cause depends is so unsubstantial as not to need further argument".

At the outset, in compliance with the rule of the Supreme Court and of the District Court of Appeal, in its opening brief the appellant made its "Statement of Question Involved". ■ As therein set forth, the question that is submitted to this court for its determination, is as follows:

"Where a theatre owner borrows several chairs from a nearby business neighbor and has borrowed similar chairs on other occasions and there is no patent defect about such chairs and a patron of the theatre is directed to one of such chairs and sits therein for a length of time variously estimated of from twenty minutes to a half hour and the chair collapses, does the doctrine of *res ipsa loquitur* apply to such situation?"

On the hearing of respondent's motion to affirm the judgment, the appellant urged the point that for the reason that it was not the owner of the chair that collapsed, the doctrine of *res ipsa loquitur* had no application;—hence that the appeal was well taken and that the motion of respondent should be denied.

Without the citation of authority, this court will assume the law to be that if, on the occasion in question, plaintiff had been regularly ushered to a chair or seat that ordinarily was provided for and used by the patrons of the theatre, and that in circumstances such as existed in the instant case the said chair or seat collapsed, and thus caused the injuries of which plaintiff has complained, there could be no doubt regarding the application to the situation of the doctrine of *res ipsa loquitur*. Nor would the added fact that the chair that collapsed with plaintiff was a borrowed article affect the application of the principle. (*McNamara* v. *Boston & M. R. R.*, 202. Mass. 491 [89 N. E. 131]; *Beattie* v. *Boston Elevated Ry. Co.*, 201 Mass. 3 [86 N. E. 920]; *Ladd* v. *New York, N. H. & Hartford R. R.*, 193 Mass. 359, 361, 362 [79 N. E. 742, 9 Ann. Cas. 988, 9 L. R. A. (N. S.) 874]; *Foster* v. *New York, N. H. & Hartford R. R.*, 187 Mass. 21 [72 N. E. 331]; *Hale* v. *New York, N. H. & Hartford R. R.*, 190 Mass. 84 [76

N. E. 656] ; *Spaulding* v. *W. N. Flynt Granite Co.,* 159 Mass. 587 [34 N. E. 1134] ; *Larrabee* v. *Des Moines Tent & Awning Co.,* 189 Iowa, 319 [178 N. W. 373]. See, also, *O'Connor* v. *Mennie,* 169 Cal. 217 [146 Pac. 674].)

It is ordered that the judgment be, and it is, affirmed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1936.