## Louisville Taxicab & Transfer Co. v. Byrnes.

Feb. 8, 1944.

Robert L. Page for appellant.

Harry L. Hargadon for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

In an action to recover damages for personal injuries suffered when he was struck by a taxicab owned by the Louisville Taxicab & Transfer Company, the plaintiff, Patrick J. Byrnes, was awarded $3,000 by the jury, and, from the judgment rendered on the verdict, the defendant has appealed. The chief complaints are of the instrustions.

The appellee was struck by one of appellant's taxicabs when he was crossing from the east to the west side of Eighteenth street or Dixie Highway in Louisville, Kentucky. The accident happened about 7:30 p. m., September 11, 1942. The appellee testified that he was crossing Dixie Highway at its intersection with St. Louis avenue when he was struck, but all other witnesses, including his own, placed him near the center of Dixie Highway about 100 feet south of the intersection. Most of them stated that he stepped off the curb on the east side of Dixie Highway in front of the third house from the intersection, and was walking diagonally across the street toward the southwest corner of St. Louis avenue and Dixie Highway where his wife was standing when he was struck. Appellee fixed the speed of the taxicab at 45 miles an hour, although he admitted it was almost against him when he first saw it. No other witness fixed the rate of speed at more than 25 miles an hour, and the driver of the taxi stated to a policeman immediately after the accident that he was traveling at a speed of about 25 miles an hour when he first saw appellee crossing the street about 20 feet in front of his cab. He immediately applied the brakes and turned his cab to the left in an effort to avoid striking appellee, but the right front fender and bumper struck him. The cab stopped within two or three feet after striking appellee, with the front wheels across the center line of the street.

The court instructed the jury that it was the duty of the driver of the taxicab to drive at a speed no greater than 25 miles an hour unless they believed from the

evidence that a speed greater than 25 miles an hour was not unreasonable or improper driving considering the traffic conditions and use of the highway at the time and place of the accident. Appellant insists that the instruction is erroneous since there was no competent evidence of probative value that the taxicab was traveling at a speed greater than 25 miles an hour. Appellee testified without objection that the taxicab was traveling at a speed of about 45 miles an hour. It is true that his opportunity for observing and estimating the rate of speed was slight, but he was entitled to have his testimony considered by the jury for whatever it was worth. White v. Saunders, 289 Ky. 268, 158 S. W. (2d) 393. Coupled with the admission of the driver of the taxicab immediately after the accident that he was traveling at a speed of 25 miles an hour, we think this evidence was sufficient to authorize a submission of the question of speed to the jury.

KRS 189.570 and an ordinance of the City of Louisville provide that a pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. The appellant requested the court to instruct the jury that it was the appellee's duty to yield the right of way to the taxicab. The court refused to so instruct the jury, but, in the instruction on contributory negligence, told them that if they believed from the evidence that appellee "crossed Eighteenth Street at a place other than the regularly designated crosswalk for pedestrians, then it was his further duty to exercise such increased care for his own safety commensurate with the increased danger, if any, involved in crossing said street at said place." In addition to the duties of appellee enumerated in the instruction on contributory negligence, the court should have told the jury that it was his duty when crossing the roadway at a point other than the regularly designated crosswalk for pedestrians to keep a lookout for approaching cars, and if he saw, or by the exercise of ordinary care could have seen, appellant's car approaching not to attempt to pass in front of it if it was so near to him that the driver could not, by the exercise of ordinary care, avoid striking him. This is a specific duty imposed by statute, and an instruction on it should be given when authorized by the evidence and an instruction is requested. In Ramsey v. Sharpley, 294

Ky. 286, 171 S. W. (2d) 427, it was argued that the instruction on contributory negligence was erroneous because it failed to charge the jury that a pedestrian crossing between intersections and without the limits of a crosswalk should yield the right of way to a motor vehicle traveling upon the highway. The contention was disallowed because the defendant in that case did not offer an instruction on the duty of the plaintiff to yield the right of way. Here, such an instruction was offered and while it probably was not correct in the form offered, yet it was the duty of the court to give a correct instruction on the subject.

The appellant also complains because the court, in its instruction on the measure of damages, authorized the jury to award damages for any permanent impairment of appellee's power to earn money, it being argued that the evidence failed to show his injuries are permanent. The appellee suffered a simple fracture of the pelvic bone without any displacement, and a few days after the accident it was discovered that he had a hernia. There was proof that the hernia was caused by the accident. There was no proof that the injury to the pelvic bone would result in any permanent impairment of appellee's power to earn money. All of the medical testimony was to the contrary. There was some conflict in the evidence as to the extent of the hernia, but Dr. Thomas J. Lynch, appellee's physician, testified that it was fully developed and that it will incapacitate the appellant until it is reduced or corrected by an operation. In other words, the appellee's power to earn money has been permanently impaired by reason of the hernia unless an operation is performed to reduce the hernia and the operation is successful. One injured through the negligence of another must use ordinary diligence to effect a cure and thus to minimize the damages, but he is not required to submit to an operation or suffer his damages to be reduced where an operation would be serious and critical and likely to be attended with some risk and possible failure. He is bound to submit to an operation only when a reasonably prudent man, under the circumstances, would do so. Billroy's Comedians v. Sweeny, 238 Ky. 277, 37 S. W. (2d) 43; Fremd v. Gividen, 233 Ky. 38, 24 S. W. (2d) 915; Stewart Dry Goods Co. v. Boone, 180 Ky. 199, 202 S. W. 489; Louisville & N. R. Co. v. Kerrick, 178 Ky. 486, 199 S. W. 44; 15 Am. Jur., Damages, sec. 39; Annotation in 11

A. L. R. 230. The appellant failed to introduce any, evidence as to the nature and seriousness of an operation required to reduce appellee's hernia, the probability of its success, or whether, under the circumstances, a reasonably prudent man would submit to it. Such evidence, if it had been introduced, would not have deprived appellee of his right to an instruction on the permanent impairment of his power to earn money, but, at most, might have authorized a qualification of the instruction on the measure of damages in accordance with the foregoing rule.

It is claimed that the verdict is excessive, but, since the proof may be different on another trial, we refrain from passing on that question.

The judgment is reversed, with directions to grant appellant a new trial.