Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: In our opinion, the evidence produced by the plaintiffs was sufficient to make a question of fact both on the theory of negligent operation and on the theory of negligent maintenance. It was error to grant the nonsuit and dismiss the complaints at the close of plaintiffs’ case. The facts presented being deemed admitted, the plaintiffs were entitled to the advantage of every reasonable inference to be drawn therefrom. (Kraus v. Birnbaum, 200 N. Y. 130.) Hor could it be held as a matter of law that the injured plaintiff was contributorily negligent or had assumed the risk of being thrown clear of the car in which she was riding. Undoubtedly she assumed the usual risks ordinarily to be expected and encountered by one riding upon the “ whip ” but not obscure or unobservable risks engendered by negligence in' operation or maintenance. (See Tantillo v. Goldstein Bros. Amusement Co., 248 N. Y. 286; Murphy v. Steeplechase Amusement Co., 250 N. Y. 479, and Reinzi v. Tilyou, 252 N. Y. 97.) All concur. (The judgment appealed from dismisses plaintiff’s complaint in a negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.