[L. A. No. 21984. In Bank. Aug. 13, 1952.]

JACOB B. ROSE, Respondent, v. MELODY LANE OF WILSHIRE et al., Defendants; PIG'N WHISTLE CORPORATION, Appellant.

Sidney A. Moss and Henry F. Walker for Appellant.

David Schwartz and Merton L. Schwartz for Respondent.

TRAYNOR, J.—This action was brought to recover for personal injuries sustained in defendant's cocktail lounge when the stool on which plaintiff was sitting collapsed. Defendant's motion for a directed verdict was denied. The jury returned a verdict for plaintiff for $1.00 general damages and $250 special damages. Plaintiff's motion for a new trial on the single issue of damages was granted. Defendant has appealed from the judgment and from the order granting a limited new trial.

### Sufficiency of the Evidence

At about 11 p. m., plaintiff and a friend entered defendant's cocktail room for a drink on their way home from a lodge meeting. There is no question of intoxication; the injuries were sustained before any liquor was consumed. Almost immediately upon their sitting down at the bar, and while his companion was giving their order to the attendant, plaintiff's chair separated from its supporting base and he fell backward to the floor, sustaining injury.

The upper part of the stool consisted of a leather seat and back and was held in place on its pedestal by a metal pin. Defendant's expert testified that the pin broke as the result of a progressive fatigue fracture, which is a weakening of the metal owing to continued local stress. He stated that this defect could not be detected before the break, even with the aid of a microscope, and that such a pin might last indefinitely or only a short time. Defendant's maintenance mechanic testified that this type of seat made a partial turn to right or left on a ball bearing swivel and that

he removed all the seats every 30 to 60 days to lubricate the bearings. He had greased the seat in question about two weeks before the accident and had found nothing wrong with the pin. Defendant's assistant manager testified that he checked the seats almost every day, that he must have inspected this seat not more than two or three days before the accident, and that he discovered no defect.

Defendant contends that this evidence conclusively shows that the accident resulted from a latent defect in the pin, that defendant did not know of the defect, and that reasonable inspection to ascertain the condition of the stools had been made. Since defendant is not an insurer of the safety of its premises but is liable only for negligence in constructing, maintaining, or inspecting them (*Blumberg* v. *M. & T. Inc.,* 34 Cal.2d 226, 229 [209 P.2d 1]; *Johnston* v. *De La Guerra Properties, Inc.,* 28 Cal.2d 394, 399-400 [170 P.2d 5]; *Perbost* v. *San Marino Hall-School,* 88 Cal.App.2d 796, 802, 803 [199 P.2d 701]; *McKellar* v. *Pendergast,* 68 Cal. App.2d 485, 489 [156 P.2d 950]), it argues that the evidence is insufficient to sustain the verdict.

The jury, however, was not required to accept defendant's theory of the accident. There are at least two other theories consistent with the evidence that would support the verdict.

█ (1) The very fact that it is virtually impossible to detect this type of defect made it all the more important that defendant install stools so designed that the possibility of a break is reduced to a minimum. The expert testimony indicated that a progressive fatigue fracture develops gradually as a result of continued localized stress and that "any metal is likely to start fatigue." Such stress was to be anticipated in view of the swivel action of the seat; defendant's maintenance mechanic testified, as his opinion of the accident, that "when they twisted the seat and forced it, it broke." The jury may reasonably have concluded that the pin was not large enough, or of a suitable design, to withstand the strain that would be placed upon it. This view was substantially that of the trial judge. In denying defendant's motion for a directed verdict, he said, "I believe there is sufficient evidence for the jury to decide whether or not there was a latent defect, or whether the rod was perhaps too small to support the weight. . . ." It may even have been the conclusion of the jury that an additional pin or other safety device was reasonably necessary to guard against injury.

██ (2) Plaintiff was entitled to rely upon the doctrine of res ipsa loquitur. ██ That doctrine applies if the accident in question would not ordinarily have happened in the absence of negligence and if defendant had exclusive control over the instrumentality causing the injury. (*Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 457 [150 P.2d 436] ; *Lejeune* v. *General Petroleum Corp.*, 128 Cal.App. 404, 412 [18 P.2d 429] ; *Judson* v. *Giant Powder Co.*, 107 Cal. 549, 556 [40 P. 1020, 48 Am.St.Rep. 146, 29 L.R.A. 718] ; *Scott* v. *London & St. Katherine Docks Co.*, 3 H. & C. 596, 601, 159 Eng.Rep. 665, 667.)

██ Seats designed for use by patrons of commercial establishments do not ordinarily collapse without negligence in their construction, maintenance, or use. (*Gross* v. *Fox Ritz Theatre Corp.*, 12 Cal.App.2d 255, 256 [55 P.2d 227] ; *Micek* v. *Weaver-Jackson Co.*, 12 Cal.App.2d 19, 21-22 [54 P.2d 768] ; *Gow* v. *Multnomah Hotel*, 191 Ore. 45 [224 P.2d 552, 560, 228 P.2d 791] ; *Billroy's Comedians* v. *Sweeny*, 238 Ky. 277, 278 [37 S.W.2d 43] ; *Sasso* v. *Randforce Amusement Corp.*, 243 App.Div. 552 [275 N.Y.S. 891] ; *Fox* v. *Bronx Amusement Co.*, 9 Ohio App. 426, 430; *cf. Durning* v. *Hyman*, 286 Pa. 376, 379-382 [133 A. 568, 53 A.L.R. 851]. See, also, *Gates* v. *Crane Co.*, 107 Conn. 201, 203 [139 A. 782] ; *Bence* v. *Denbo*, 98 Ind.App. 52, 56-57 [183 N.E. 326].)

██ Defendant and its agents were in exclusive control of the stool up to the time plaintiff sat upon it. It is true that in one sense plaintiff was in control of the stool while he was using it; at least one court has held that this circumstance is sufficient to prevent the application of res ipsa loquitur. (*Kilgore* v. *Shepard Co.*, 52 R.I. 151, 154 [158 A. 720] ; contra, *Gow* v. *Multnomah Hotel, supra*, 191 Ore. 45 [224 P.2d 552, 556-560, 228 P.2d 791] ; see, also, Prosser on Torts, p. 298.) Such a view is artificial and ignores the purpose of the requirement that defendant have exclusive control.

██ Once it has been established that the accident was more probably than not the result of negligence, it need only be determined that defendant is the sole person who could have been guilty of that negligence. (*Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 458 [150 P.2d 436] ; *Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514, 517-518 [203 P.2d 522] ; *Breidenback* v. *McCormick Co.*, 20 Cal.App. 184, 190 [128 P. 423].)

██ Here it was the condition of the stool, not the use made of it, that was responsible for the fall. Plaintiff had done no more than sit upon it when it gave way, and there

is no suggestion that his conduct was in any way improper. So far as construction, inspection, or maintenance of the stool were concerned, defendant had exclusive control. Plaintiff's action had no more legal significance as a cause of the accident than those of the innocent bystander in the typical res ipsa loquitur case.

When res ipsa loquitur is applicable, as it is here, an inference of defendant's negligence may be drawn. On appeal that inference is sufficient to sustain a verdict against defendant unless it is overcome by plaintiff's own evidence (see *Binns* v. *Standen,* 118 Cal.App. 625, 627-628 [5 P.2d 637]; *Gritsch* v. *Pickwick Stages System,* 131 Cal.App. 774, 785 [22 P.2d 554]; Prosser, *Res Ipsa Loquitur in California,* 37 Cal.L.Rev. 183, 212-214; *cf. Leet* v. *Union Pac. R.R. Co.,* 25 Cal.2d 605, 621-622 [155 P.2d 42, 158 A.L.R. 1008]) or unless it is conclusively rebutted by evidence that is "clear, positive, uncontradicted, and of such a nature that it can not rationally be disbelieved." (*Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868]; *Leet* v. *Union Pac. R.R. Co.,* 25 Cal. 2d 605, 622 [155 P.2d 42, 158 A.L.R. 1008].) The inference in this case was not dispelled by plaintiff's own evidence. Nor did defendant's countershowing conclusively establish absence of negligence on its part. The jury may have rejected defendant's evidence that the accident resulted from a latent defect in the pin. The credibility of defendant's expert witness and the probative value of his testimony were questions for the triers of fact. (*Huth* v. *Katz,* 30 Cal.2d 605, 609 [184 P.2d 521]; *Escola* v. *Coca Cola Bottling Co.,* 24 Cal.2d 453, 461 [150 P.2d 436]; *Blank* v. *Coffin,* 20 Cal.2d 457, 461-462 [126 P.2d 868]; *Meyer* v. *Tobin,* 214 Cal. 135, 137 [4 P.2d 542]; *Michener* v. *Hutton,* 203 Cal. 604, 609-612 [265 P. 238, 59 A.L.R. 480]; *Lejeune* v. *General Petroleum Corp.,* 128 Cal.App. 404, 416-417 [18 P.2d 429]; *Reinzi* v. *Tilyou,* 252 N.Y. 97, 99-100 [169 N.E. 101].) *Johnston* v. *Black Co.,* 33 Cal.App.2d 363, 368-369 [91 P.2d 921], is inconsistent with the foregoing cases and is disapproved. Moreover, there was evidence that after the accident the back of the chair was found broken; it is possible that a defect in the back of the chair was the cause of plaintiff's fall and that the weakened pin broke later as a result of the strain suddenly placed upon it. The fact that plaintiff fell immediately upon sitting down suggests that the chair was defective before he used it. In this connection the jury may have concluded that the inspections made by defendant's em-

ployees were insufficient to discharge defendant's duty of care. ▉ Particularly in view of the subdued lighting in the cocktail room, it cannot be said as a matter of law that an examination of the stool two or three days before the accident was all that was reasonably required. The jury may even have believed that no such examination was made.

▉ Defendant contends that, since no instruction on res ipsa loquitur was requested by plaintiff or given by the trial court, it is now too late to rely upon that theory. The doctrine of res ipsa loquitur concerns a type of circumstantial evidence upon which plaintiff may rely to discharge his burden of proving defendant's negligence. Such evidence was given to the jury in this case. The nature of the accident and the fact that defendant and its agents were the only persons whose negligence could have been involved give rise to the inference that defendant was negligent. There is no reason why the jury may not draw that inference without, as well as with, a specific instruction authorizing them to do so. (*Fedler* v. *Hygelund*, 106 Cal.App.2d 480, 487 [235 P.2d 247].)

## Limited New Trial

▉ The granting of a new trial limited to the issue of damages appropriately rests in the discretion of the trial court, but an abuse of that discretion is shown when the record discloses that the issue of liability is close, the damages are inadequate, and there are other circumstances that indicate that the verdict was probably the result of a compromise of the liability issue. (*Leipert* v. *Honold, ante,* p. 462 [247 P.2d 324].) An examination of the present case in the light of this rule indicates that the order granting a limited new trial should be reversed.

▉ (1) *Evidence of liability.* The issue of liability was sharply contested, for defendant made a strong showing that the accident resulted from a latent defect of which it had no knowledge and for which it could not reasonably be held responsible. ▉ Plaintiff contends that the cases in which it has been held that a conflict on the liability issue is a circumstance to be considered in determining the propriety of a limited new trial have all involved questions of contributory negligence. (See, for example, *Wallace* v. *Miller,* 26 Cal.App.2d 55, 56 [78 P.2d 745]; *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal.App. 8, 9 [175 P. 26, 177 P. 845].) That distinction, however, is not material. Uncertainty concerning defendant's liability is the controlling consideration,

and it makes no difference whether that uncertainty arises in connection with defendant's negligence or plaintiff's contributory negligence.

(2) *Inadequacy of damages.* The evidence shows that plaintiff was shaken and excited at the time of his fall but did not feel significant discomfort until he was awakened during the night by pain in the lower part of his back. The next day he consulted a physician, and he was given treatment for several months, which continued to the time of the trial. When he testified, plaintiff was still unable to sit for extended periods without pain, particularly on hard surfaces. For some time after the accident, he found it necessary to assign to an employee a number of the duties he had regularly performed at his candy store. Plaintiff's physician testified that plaintiff had sustained an injury to his coccyx, that in his opinion it was a permanent injury, and that such an injury is painful. The bill for his medical services, covering about 75 treatments, was $300. In addition plaintiff incurred an expense of $52 for X rays. The verdict was for $1.00 general damages and $250 special damages; it was thus more than $100 less than the medical and X-ray charges.

When the jury fails to compensate plaintiff for the special damages indicated by the evidence, and despite the fact that his injuries have been painful, makes no award or allows only a trifling sum for his general damages, the only reasonable conclusion is that the jurors compromised the issue of liability, and a new trial limited to the damages issue is improper. (See *Hughes* v. *Schwartz,* 51 Cal.App.2d 362, 367-368 [124 P.2d 886]; *McNear* v. *Pacific Greyhound Lines,* 63 Cal.App.2d 11, 16 [146 P.2d 34]; *Adams* v. *Hildebrand,* 51 Cal.App.2d 117, 118-119 [124 P.2d 80].) A contrary conclusion is justified only when the evidence of defendant's negligence is "overwhelming." (See *Taylor* v. *Pole,* 16 Cal. 2d 668, 675 [107 P.2d 614]; *Crandall* v. *McGrath,* 51 Cal. App.2d 438, 440-442 [124 P.2d 858].)

It is claimed that the inadequacy of the award is attributable to the fact that the damages issue was not argued by counsel. It is not likely, however, that, even without the aid of counsel, the jurors would have allowed less than the special damages shown and only $1.00 for pain and suffering.

(3) *Other circumstances indicating compromise.* More than three hours after the case was submitted to them, the jurors returned for a rereading of the testimony of defendant's maintenance mechanic. This witness was not present at the

accident and had no knowledge concerning plaintiff's injuries; his testimony related exclusively to the construction and maintenance of the stool. The trial was a short one, and the fact that the jurors were at that time still debating defendant's liability demonstrates the difficulty they were having in determining whether or not defendant was negligent. In the light of the gross inadequacy of the award, this circumstance also supports the conclusion that the verdict was the result of a compromise.

Defendant has appealed not only from the order granting a limited new trial but also from the judgment. Since its liability has never been properly determined, the judgment must be reversed.

The judgment and order are reversed. Each side is to bear its own costs on appeal.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.

CARTER, J.—I dissent.

The views which I have expressed in my dissenting opinion in *Leipert* v. *Honold, ante,* p. 462 [247 P.2d 324], this day filed, are equally applicable to this case.

I would, therefore, affirm the order granting a new trial on the issue of damages only.

On September 11, 1952, the opinion and judgment were modified to read as printed above.