## Louisville & Nashville Railroad Company v. Kerrick.

(Decided December 21, 1917.)

## Appeal from Daviess Circuit Court.

1. Master and Servant—Negligence—Damages.—Where plaintiff, a railroad station agent, was assisting in unloading baggage from a car, and while so doing the train without warning or signal started, causing the trunk which plaintiff was unloading to fall so as to injure him, the railroad company was guilty of negligence authorizing the plaintiff to recover damages which he sustained because of the injury.

2. Trial—Evidence—Scintilla Rule.—While the scintilla rule will not authorize a submission of the case when plaintiff's testimony is inherently impossible and at variance with established and universally recognized physical laws, still the testimony in this case did not bring it within that qualification prohibiting its submission and the court did not err in refusing a peremptory instruction upon that ground offered by the defendant.

3. Negligence—One Guilty of Liable for Damages.—The one guilty of negligence is liable for the damages produced, although the injured person may have been suffering from an existing ailment, even a similar one, or if the injury develops a latent ailment and the damages to be recovered include all of the results and consequences proximately produced by the negligent injury complained of.

BENJAMIN D. WARFIELD, BROWDER & BROWDER and W. F. SANDIDGE for appellant.

CLEMENTS & CLEMENTS, R. W. SLACK and LOUIS I. IGLEHART for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, R. A. Kerrick, was the local station agent of the appellant (defendant below), Louisville & Nashville Railroad Company, at South Carrollton, in Muhlenberg county, Kentucky, and on June 27, 1914, he claims to have been injured through the negligence of the defendant, its agents and servants, while he was unloading from the baggage car of one of defendant's trains a drummer's trunk, weighing about 250 pounds. To recover damages for his physical and mental pain and his permanent injuries he filed this suit in the Daviess circuit court, and upon trial he was awarded by the jury a verdict for $2,250.00, upon which judgment was rendered, and to reverse it this appeal is prosecuted.

The negligence as well as the injuries produced are alleged to have occurred in this way: The train arrived at South Carrollton going south at about 5 o'clock p. m. on the day in question. There were three heavy drummer's trunks as baggage to be taken from the car. The baggageman rolled the baggage to the door when plaintiff would take hold of one end and with the assistance of the baggageman would get the trunk out of the car and deposit it on the platform by the side of the track. One of the trunks had been thus taken from the car and plaintiff and the baggageman were engaged in unloading the second one when the train, without warning or signal, started forward, necessitating the baggageman releasing his hold upon the trunk so as to signal the engineer with the bell cord to stop the train, but before he accomplished this the trunk, with the plaintiff holding one end against his abdomen, fell from the car on to the first trunk unloaded, and which had been placed some distance ahead of and away from the car door, causing the trunk to jab or shove against plaintiff and "ruffle the skin" over a space of two or three inches, producing, as he claims, a rupture and an umbilical hernia just at the lower edge of the navel, which he claims caused great pain and has resulted in practically destroying his earning capacity. The answer was a denial and a plea of contributory negligence.

The evidence shows that in May, 1913, while plaintiff was serving the defendant as agent at another place, he received a similar injury, but according to his testimony and that of his mother that injury had either become permanently cured or was so improved as to cause no inconvenience or impairment of plaintiff's ability to work. According to their testimony, the protrusion of the hernia formed by that rupture disappeared within the space of about six months, and that it was never larger than the end of a finger and projected from the surface of the body but a short distance and was located within the navel.

The proof as to the last rupture, and that for which this suit is brought, is that its location was slightly different; that it was much larger, and grew worse from the beginning, although modern treatment, except a surgical operation, was given it until the following January, when plaintiff was compelled to resign his position and cease work. The medical testimony is to the effect that a rupture is produced by a breaking or giving away of

the muscles of the abdominal cavity so as to permit the intestines or other substances to go through the opening thus produced, forming the hernia; that the only successful cure is a surgical operation whereby the edges of the opening may be attached, and, with the assistance of nature, eventually adhere. There is also medical testimony showing that a rupture may be produced by an external contact with the parts, but that the most frequent and usual cause is from a pressure within as the result of some strain or other act calculated to produce such a pressure.

It is therefore insisted by counsel for defendant that this case comes within the rule announced by this court in the cases of L. & N. R. R. Co. v. Chambers, 165 Ky. 703; Clark v. Young's Exr., 146 Ky. 377; I. C. R. R. Co. v. Finch's Admr., 178 Ky. 229, and other similar ones, and that at most there should have been no recovery except for nominal damages, because of the negligence of the defendant, which, if plaintiff's version as to the happening of the accident is correct, is admitted.

The rule sought to be applied, as announced by those cases, is well stated in the following excerpt from the Chambers case to the effect that "of necessity, these rules (scintilla and others authorizing the submission of the case) cannot apply where the only evidence upon which such adverse party rests his right to succeed consists of a statement of alleged fact, inherently impossible and absolutely at variance with the well-established and universally recognized physical laws. In such case, that which purports to be evidence is insufficient to constitute a compliance with the requirements of the scintilla rule, for it is the essence of that rule that there must be some evidence (however slight) upon which the jury might rationally find a verdict for the party producing it."

We concede the soundness of the rule, and that it should be applied whenever the evidence makes a case for its application, but we do not agree with counsel that the evidence found in this record makes such a case.

If it had been made to appear that the two ruptures were at the same place and identical, and the right of plaintiff to succeed depended upon the fact of his full recovery from the first rupture, and the court had so framed his instructions, then there might be room for the contention made, inasmuch as all of the most competent and credible testimony (that of the physicians) would seem to establish the fact that plaintiff had not recovered from his first injury, as he and his mother testified; but

the court was extremely cautious in its instructions to guard against and take care of this feature of the case, for in instruction number two he told the jury: "The court further instructs the jury that if the plaintiff had a hernia or a rupture prior to the injury complained of, you will not find for plaintiff anything by reason of same, but such fact would not relieve defendant of liability if you believe from the evidence that he was negligenty injured by defendant as set out in instruction No. 1, but in such event you could only find for plaintiff such damages, if any, as you may believe from the evidence directly resulted from injuries there received, if any, whether such injuries were by way of aggravation of a rupture then existing or caused the rupture complained of."

In submitting to the jury the measure of damages which it should allow plaintiff, if the jury found in his favor, the court in instruction number three said: "If the jury find for plaintiff they should allow him such a sum in damages as they may believe from the evidence will fairly and reasonably compensate him for his physical and mental suffering, if any of either, and for the permanent impairment, if any, of his ability to earn money *that may have directly resulted to the plaintiff from his injuries, if any, received on June 27, 1914,* if they were caused by the negligence of defendant's servants, but not exceeding in all the sum of $7,000.00, the amount claimed in the petition."

It will thus be seen that the court expressly excluded from the consideration of the jury any damage which plaintiff may have suffered because of the first injury, confining the jury to a consideration of the injuries (increased or aggravated) by the last accident, and we are to presume that the jury followed these directions. So the case is reduced to this proposition, viz., whether the evidence is sufficient to justify the finding of the jury, conceding that there had been no permanent recovery from the first rupture.

The law is that one may recover for an injury which aggravates an existing one, or develops a latent one so as to increase the pain and suffering or result in permanent impairment of the injured person. R. C. L. Vol. 8, 437; 13 Cyc. 31; Sutherland on Damages, 4 Ed. Vol. 4, sec. 1244; City of Louisville v. Walter's Admr., 25 Ky. Law Rep. 893; Southern Railway in Ky. v. Miller, 129 Ky. 98; L. & N. R. R. Co. v. Daugherty, 32 Ky. Law Rep. 1392;

Shearman & Redfield on Negligence, sec. 742, and Thompson on Negligence, sec. 150.

The rule as stated in Ruling Case Law referred to is: "Where a personal injury aggravates an existing ailment or disease, or develops a latent one, the person whose negligence caused the injury is liable to respond in damages for the results of the disease as well as of the original injury. In such case the injury is the prime cause which opens the way to and sets in motion the other cause, and the latter cannot be regarded as an independent cause of injury or damages, nor can the wrongdoer be allowed to apportion the measure of responsibility to the initial cause. . . . Defendant must respond in damages for such part of the diseased condition as his negligence has caused."

In Sutherland on Damages, *supra,* it is said: "The wrongdoer must answer for any aggravation of plaintiff's condition for which he is responsible, and that is the limit of his liability."

In the Daugherty case, *supra,* discussing this point this court said: "Upon this point we may say that if a person injured is feeble, sick or diseased, and the negligence or wrongful act aggravates the illness or disease, or produces conditions that would not ordinarily or reasonably have existed or occurred except for the negligence or wrongful act, and are directly attributable to it, the injured party may recover on the damages that flow from the negligence or wrongful act, including such as result from illness, sickness or disease aggravated by or that are produced by it, although the person inflicting the injury may not at the time know that the person injured is laboring under an infirmity or disability."

The other authorities fully sustain the quotations, and indeed we have neither found nor been cited to any authority holding to a contrary doctrine. In this case, whether the first rupture was or was not cured, the uncontradicted testimony shows that the patient had ceased to suffer from it and it had at least been arrested so as not to impair his ability to work; that almost immediately after the accident for which he sues occurred a somewhat aggravated rupture appeared and continued to afflict him with the result hereinbefore stated. Under the law, and the carefully drawn instructions of the court, we think the jury was fully authorized to return a verdict, if it found the defendant guilty of negligence, in favor of plaintiff for more than nominal damages, and

the court did not err in refusing to confine the jury to a verdict for nominal damages only. The jury found that the accident was produced by the negligence of the defendant, and we think there was sufficient evidence to authorize it in doing so.

The plaintiff and another witness testify to the starting of the train without signals and the consequent falling of the trunk against plaintiff's abdomen as he describes, and this is not positively contradicted by defendant's witnesses. The strongest that any of them testify is that if any such occurrence happened they have no recollection of it, and that they did not hear of it until some three or four weeks afterward when plaintiff conversed with them about it. It is true that defendant's witnesses would most likely have remembered the accident, yet it is possible for them to have entirely forgotten it, inasmuch as the result was not immediately serious. But, however this may be, there was certainly sufficient evidence to submit that issue to the jury, and it has found the facts to be as insisted upon by plaintiff, and under the well-known rule governing this court in such cases, we cannot say that the verdict of the jury in placing the blame upon defendant is so flagrantly against the evidence as to justify a reversal.

The next contention for consideration is the complaint that the verdict is excessive. On this point the plaintiff and his mother, with perhaps one or two other witnesses, testify to great pain and suffering experienced by plaintiff from the time of the accident to that of the trial, with but slight abatement as time progressed. In addition, there is medical testimony that with such hernia as now afflicts plaintiff there is necessarily considerable pain. He finally had to surrender his employment, and no one disputes his testimony when he says that he is now practically unable to do any work. Conceding for the purpose of argument that the first rupture was never permanently cured, the testimony furnishes ample ground for the belief that the complained of accident, even if it did not produce a new rupture, so aggravated or developed the first one as to seriously damage plaintiff, and under the testimony, in the light of the instructions, we feel ourselves unable to say that the verdict is excessive.

Neither are we convinced that under the testimony in the case plaintiff was required to submit to an operation or suffer his damages to be reduced for failing to do so. It is true that one injured must make his loss or damage as light as possible; I. C. R. R. Co. v. Gheen, 112 Ky.

695; L. & N. R. R. Co. v. Wilkins, 143 Ky. 572; L. & N. R. R. Co. v. Reaume, 128 Ky. 90; but this rule does not apply where the operation would be serious and critical and likely to be attended with some risk, a possible failure, and probable death. R. C. L. Vol. 8, 448; Glenn v. Crescent Coal Co., 145 Ky. 145; Thompson on Negligence, Vol. 1, 195. In this case the evidence shows that an operation might not prove successful, and might possibly result in death to the patient.

Wherefore, the judgment is affirmed.