Mason ROBINSON, Movant,

v.

**MURLIN PHILLIPS & MFA INSUR-
ANCE COMPANY, Respondents.**

Supreme Court of Kentucky.

Oct. 7, 1977.

William L. Sullivan, Dorsey, Sullivan, King & Gray, Henderson, for movant.

King, Deep & Branaman, Henderson, Wilson, Wilson & Plain, Owensboro, for respondents.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Henderson Circuit Court in which Robinson recovered $11,000.00 from Phillips and MFA. The Court of Appeals reversed in an opinion published at 548 S.W.2d 511 (1977). We granted discretionary review.

On Saturday night, November 14, 1971 Robinson attended a wedding party at the Sportsman's Club located in rural Henderson County. About 11:00 p.m. the party broke up but Robinson, together with a small group of friends, remained until after midnight. During the course of the party Robinson consumed at least four highballs. As he left he felt a call of nature and upon investigation found that the restroom was occupied. He gave his car keys to his wife and told her that he thought he would walk home. He then walked out into an adjacent field, empty but for growth similar to sagebrush, to urinate.

Some five to ten minutes later Mrs. Robinson asked Phillips and one of the passengers in his car for assistance in locating her husband. Phillips then drove his car at a slow rate of speed into the field with his headlights on searching for Robinson. In doing so he ran over Robinson who was in the process of relieving himself. Robinson was facing away from the Sportsman's Club in a "half knee" position (which we assume to be somewhere between erect and squatting). As a result of this incident Robinson suffered extensive bodily injuries.

Phillips was uninsured. MFA was Robinson's automobile liability insurance carrier. In accord with the requirements of KRS 304.20–020 his policy contained uninsured motorist coverage in the amount of $10,000.00. It also contained medical payments coverage in the amount of $1,000.00. MFA paid the full amount of the medical payments coverage to Robinson without complaint. Robinson sued Phillips for negligence and MFA on the policy. He sought judgment against Phillips for $50,000.00

and judgment against MFA for $10,000.00. MFA cross-claimed against Phillips and sought indemnity for any sums which it had paid or might be required to pay Robinson.

Phillips' defense was a denial of negligence on his part and a plea of contributory negligence on the part of Robinson. MFA's defense was that Robinson was not legally entitled to recover from Phillips and that, consequently, there was no liability under the provisions of the uninsured motorist coverage. MFA did not question the issuance of the policy, its limits or any of its terms and conditions.

The case was tried to a jury. The trial judge submitted these contested issues of fact to the jury:

1. The negligence of Phillips.
2. Whether Phillips' negligence, if any, was a substantial factor in causing the accident and injuries.
3. The negligence of Robinson.
4. Whether Robinson's negligence, if any, was a substantial factor in causing the accident and injuries.
5. The nature and extent of damages.

The trial judge also instructed the jury, over the objection of MFA alone, that if they made an award in favor of Robinson it should be against Phillips and MFA jointly and severally in any sum not to exceed $11,000.00, solely against Phillips for any amount in excess of $11,000.00 and that the $1,000.00 previously paid by MFA would be credited against the award for the benefit of MFA. He refused MFA's request to instruct the jury on MFA's right to recover from Phillips any sums that they might be required to pay to Robinson, maintaining that there was no factual dispute as to this matter and that it would be handled in the judgment.[1]

The only assigned error worthy of discussion is whether the trial judge prejudiced the rights of MFA when he required the jury to make the first $11,000.00 of any

---

1. The liability of MFA to Robinson is contingent upon the liability of Phillips to Robinson. Once the liability of Phillips is fixed he is primarily liable for the entire award and MFA is secondarily liable to the limits of its coverage. MFA is entitled to indemnity from Phillips to the extent of its payment of the award.

award it might make joint and several against MFA and Phillips. The Court of Appeals seized on this as a ground for reversal and an opportunity to gratuitously articulate rules of technique for the trial of uninsured motorist cases with the alacrity and vigor of a bass taking the bait.

■ In Anglo-American jurisprudence the function of the jury is to decide contested issues of fact. In order to perform this function there is no need for jurors to know the legal effect of their resolution of contested issues of fact. 2 Palmore, Kentucky Instructions to Juries, sec. 13.01. The questions of whether an award should be joint or several or joint and several or whether there should be indemnity are questions of law once the issues of contested fact have been determined by the jury. They are properly subject to solution by the trial court in its judgment. The real issue here is not whether mentioning joint and several to the jury is an error but rather, conceding that this material has no place before the jury, whether such surplusage had any prejudicial effect of which MFA could properly complain.

In order to find this prejudice the Court of Appeals opined:

A. The limits of uninsured motorist coverage should not have been disclosed to the jury because such disclosure constitutes an open invitation to the jury to fix damages at the amount of the policy.

■ We concede that the policy limits are immaterial when, as here, there is no dispute about them and there is, consequently, no contested issue of fact for the jury to decide. But how this disclosure can be considered an error, much less a prejudicial error, is beyond us when this evidence was introduced by MFA through one of its own witnesses without any objection from Phillips.

B. The mention of joint and several liability permitted the attorney for the plaintiff to state in his final argument such phrases as: " . . . if your judgment exceeds $11,000.00 . . . then the rest of it is against Mert, individually. We don't want that." And "He paid the premium and they took his premium to protect himself if he was injured by someone who did not have insurance. His own insurance now, he bought and paid for it and this is exactly what happened."

These quotations are badly out of context. Putting these gems in their proper setting they read as follows: "Okay, they have refused to pay any part of the $10,-000.00. All right, the first instruction will tell you here that if your judgment exceeds $11,000.00, or the second instruction, then the rest of it is against Mert, individually. We don't want that. The first instructions would authorize you to find $11,000.00. $11,000.00. Of which MFA Insurance Company will receive a credit, if you find $11,-000.00 they will receive a credit of $1,000.00, leaving the $10,000.00 which he bought and paid for. I think we are being extremely reasonable by simply asking you to return an amount which will not go anywhere toward putting him back on his feet but which is entirely reasonable as far as the defendant goes." "Mason Robinson bought insurance. He bought insurance and paid for it to protect him in case he was injured by the negligence of someone who did not have insurance and that's exactly what happened. He paid the premium and they took his premium to protect himself if he was injured by someone who did not have insurance. His own insurance now, he bought and paid for it and this is exactly what happened." [2]

■ We know of no rule of law which prohibits a plaintiff in closing argument

2. Another reference to this coverage not mentioned by the Court of Appeals is as follows: "We think we are being reasonable. This is the reason that he bought this insurance and exactly the thing happened. Exactly the thing happened that he bought the insurance for. He was injured through the carelessness and negligence of a person who had no insurance and he ought to be entitled to collect. Give him that small measure to try to make this man whole for a condition that is going to be with him as long as he lives and you can certainly bet on it."

from limiting the size of the verdict he requests to less than the amount demanded in the complaint or for that matter to less than the proof might otherwise justify or authorize. Taken at its worst the first quote is no more than a statement that the plaintiff would take a modest award for his claim. The second and footnote statements are no more than a correct statement of the principles of liability applicable to this case. Each clearly indicates that the duty of MFA to pay is predicated upon the negligence and carelessness of an uninsured motorist. In addition, neither Phillips nor MFA objected to these statements. The trial judge made no ruling. There is no error, much less prejudicial error.

■ All in all we are unable to comprehend how the use of the surplus words "jointly and severally" could have prejudiced MFA, or for that matter Phillips who did not object to their use, in the eyes of the jury in this case. They returned a verdict in which they found Phillips to be causatively negligent, Robinson not to be contributorily negligent and fixed damages in a sum far less than would have been justified by the evidence in the absence of the reduction in the demand made by Robinson's counsel in his closing argument. The trial judge handled the question of indemnity adequately in his judgment.

■ We now turn our attention to the question of trial technique. The instruction proposed by the Court of Appeals is not appropriate, because it brings to the attention of the jury matters of law which are extraneous to its function of deciding contested issues of fact. In addition it is replete with error in regard to the nature and quality of causation. The best way to restrict the jury to its fact finding function and prevent its consideration of immaterial issues of law is for the trial judge to exercise the discretion granted him by CR 49.01 and submit only the contested issues of fact to the jury for their determination in a special verdict. 2 Palmore, Kentucky Instructions to Juries, secs. 13.09, 13.20; for examples see secs. 15.02, 16.14, 16.30. (1977). Once the jury answers these interrogatories

the trial judge can easily apply the appropriate and sometimes complex law to the answers in his judgment.

· The decision of the Court of Appeals is reversed and the judgment of the Henderson Circuit Court is affirmed.

All concur.