Beverly D. BOLIN, Movant,

v.

Stephen GRIDER, Respondent.

Supreme Court of Kentucky.

March 20, 1979.

Wayne J. Carroll and William Clifton Travis, Ewen, MacKenzie & Peden P.S.C., Louisville, for movant.

Erwin A. Sherman and William H. Ballard, Lynch, Sherman, Cox & Fowler, Louisville, for respondent.

LUKOWSKY, Justice.

This case provides us with our first opportunity to examine the mechanics of presenting to the jury the question of whether the threshold requirements of the Motor Vehicle Reparations Act have been met so that recovery of damages in tort may be had. KRS 304.39–060(2)(b).

Grider's right to recover depends upon his establishing that his "medical expense" exceeds $1,000.00. At trial he introduced bills representing "medical expense" in the amount of $1,028.00. Bolin introduced no evidence to show that any of the charges were excessive in amount. However, medical history and testimony created a conflict in the evidence as to whether the "medical expense" resulted from the collision which gave rise to this suit.

The trial judge submitted the following question to the jury.

"Do you believe from the evidence that the necessary and reasonable medical expenses incurred by Stephen Grider as a direct result of this collision on July 7, 1975, exceed $1,000.00?"

The jury answered "no". The Court of Appeals reversed the case and granted a new trial because the interrogatory presented to the jury the issue of the propriety of

the size of the charges for "medical expense" when this factor was not in dispute and the effect of this submission on the negative answer could not be measured.

KRS 304.39–020(5)(a) provides in pertinent part:

" 'Medical expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, physical rehabilitation, rehabilitative occupational training, and other remedial treatment and care. . . . There shall be a presumption that any medical bill submitted is reasonable."

This statute reflects a legislative judgment that:

A. "Medical expense" must be reasonable in the amount of charges.

B. "Medical expense" must be reasonably needed as a result of the collision in issue.

C. Once medical bills have been introduced they place on the defendant the practical necessity of going forward with impeaching proof if he would avoid a directed verdict on these issues. See *Lee v. Tucker*, Ky., 365 S.W.2d 849, 852 (1963).

 In this case Bolin did nothing to impeach the reasonableness of the amount of charges for "medical expense", however, she did strenuously attack the thesis that the "medical expense" was reasonably needed as a result of the collision which is the basis of this suit. Under such circumstances the probative force of the medical bills is so persuasive on the issue of the reasonableness of the amount of charges for "medical expense" that there is nothing for the jury to decide and the issue should not have been submitted to them. See *Louisville & I. R. Co. v. Frazee*, 179 Ky. 488, 200 S.W. 948, 950 (1918).

We are unable to determine whether the jury's negative answer to the submitted question was based on their failure to be satisfied on the illusory issue of amount or on the real issue of causation or both. Because we can not rule out amount as a basis, we agree that a new trial is required.

In this type of case the question submitted to the jury should follow the language of the statute insofar as good English syntax and the facts of the case will permit. Assuming that on retrial the evidence will be substantially the same the question should read:

"Are you satisfied from the evidence that Grider incurred charges in excess of $1,000.00 for reasonably needed products, services, and accommodations, including those for medical care and physical rehabilitation, as a result of the collision of July 7, 1975?"

The decision of the Court of Appeals is affirmed, the judgment of the Jefferson Circuit Court is reversed, and the cause is remanded to the trial court for further proceedings consistent herewith.

All concur.