Mary M. THOMPSON, Appellant,

v.

Doris PIASTA and Marcia K. Utley, Appellees.

Court of Appeals of Kentucky.

Dec. 23, 1983.

224

Chester A. Vittitow, Jr., Bennett, Bowman, Triplett & Vittitow, Louisville, for appellant.

James T. Robertson, Louisville, for Doris Piasta.

G. Wm. Clements, P.S.C., Louisville, for Marcia K. Utley.

Before HOGGE, HOWARD and DUNN, JJ.

DUNN, Judge:

On September 29, 1977, on Breckenridge Lane in Jefferson County, appellee, Doris Piasta, was operating a 1969 Chevrolet truck, owned by Gertrude Cook. She had been stopped for 5 to 10 minutes, the 6th or 8th vehicle in a line of traffic, awaiting the passage of a freight train passing ahead. Appellee, Marcia K. Utley, was the driver of an automobile that was and had been stopped immediately behind Piasta. Appellant, Mary M. Thompson, drove an automobile into the rear of the Utley vehicle propelling it into the rear of the truck operated by Piasta.

Piasta sued both Thompson and Utley alleging personal injuries and resultant damages. Both Utley and Thompson answered and cross-claimed against each other. Cook, the owner of the Piasta driven truck, filed an intervening complaint that was disposed of by the trial court in her favor as a matter of law.

In a jury trial on August 20, 1981, after all proof had been presented, the trial court directed a verdict in favor of Utley on the claims against her by Piasta and Cook and on Thompson's cross-claim. It also directed a verdict on the question of liability in

favor of Piasta on her claim against Thompson.

The trial court instructed the jury on the issue of Piasta's claim for damages against Thompson. It returned a verdict on a form provided by the trial court as follows:

### FORMS OF VERDICT

**VERDICT A:**

We, the jury, find for the plaintiff, Doris Piasta, against the defendant, Mary M. Thompson, and award the following damages:

| | |
|---|---|
| Pain & Suffering | $ 4,000.00 |
| Permanent impairment of power to labor and earn money | $ 0 |
| Medical expenses incurred | $ 1,000.00 |
| | (not to exceed $1,437.38) |
| Future medical expenses | $ 5,000.00 |
| Total award | $ 10,000.00 |
| | (not to exceed $77,000.00) |

On August 24, 1981, the trial court entered a judgment in favor of the intervening plaintiff, Cook, for $1,000.00 against Thompson for the property damage to her truck. This is not a subject of this appeal.

Thereafter, the genesis of an unfathomable procedural maze occurred consisting of a series of post trial motions and trial court orders and countermanding orders culminating in the trial court entering on June 3, 1982, a document purporting to be a judgment in favor of Piasta against Thompson pursuant to the above jury verdict. Although it recited verbatim the jury's finding in its verdict, it contains no words of judgment other than that Piasta should recover her costs. It also stated that it was a final and appealable judgment. We assume from the fact that since it was the last document entered by the trial court that it is from it that this appeal is prosecuted.

We shall do our best to address the issues on this appeal in the order in which they are amalgamably presented in the appellant Thompson's brief. There being no cross-appeal by appellee Piasta, we shall not consider the many issues she recites in her brief that are not in response to the points raised by appellant.

■ We agree with Thompson's argument that the burden was on Piasta to prove that she had rejected the "no fault" provision of our Insurance Code provided by KRS Chapter 304, Subtitle 39, Motor Vehicle Reparations Act. KRS 304.39–060(1); *D & B Coal Company v. Farmer,* Ky., 613 S.W.2d 853 (1981). No rejection had been filed in her behalf with the department of insurance as required by KRS 304.39–060(5)(a). She presented no proof of rejection and thus failed to meet her burden. Consequently, the trial court found as a matter of law that she was subject to the "no fault" threshold requirements of KRS 304.39–060(2)(b). We agree. However, in view of our holdings that appear below, we disagree that her complaint should be dismissed.

Thompson's contention that the trial court's judgment of June 3, 1982, was improper perhaps has some merit. However, the judgment's contents and the other motions and other orders and their contents filed and entered from the date of the jury verdict till the entry of June 3, 1982, defy reasonable identification of their procedural import. The only order entered that bears any resemblance to complete propriety is not a subject of this appeal. It is the judgment entered on August 24, 1981, on the intervening plaintiff, Cook's property damage claim against Thompson. We do not hold the judgment of June 3, 1982, to be a proper one, however, we cannot hold that it is improper.

As indicated above, it is impossible for us to determine the procedural import of the total effect of the accumulation of the trial court's conflicting orders concerning the granting or the not granting of a new trial, for what, because of what, and to whom. For this reason we cannot agree with Thompson's arguments that she is entitled to a dismissal of the complaint because of the trial court's failure to give a proper instruction on the threshold questions that was so obviously required.

■ We agree with her additional contention, however, that a judgment against

her in Piasta's favor must include a credit against any jury verdict for amounts that are statutorily uncollectible as tort damages pursuant to KRS 304.39–060(2)(a). It provides in its pertinent part:

.... (2)(a) Tort liability with respect to accidents .... is "abolished" for damages because of bodily injury ... to the extent the basic reparations benefits provided in this subtitle are payable therefor, ...

In *Progressive Casualty Insurance Co. v. Kidd,* Ky., 602 S.W.2d 416 (1980), it was held that an injured party is not entitled to an award of damages from the defendant in a trial on liability for any item of damages which is compensated by such benefits already paid by the injured party's insurer. There is no case on the exact issue we have here, where the injured party has not applied for or has not been paid basic reparations benefits. The words used in the statute are clear and unambiguous and clearly express the legislative intent stated, that tort liability is abolished for damages because of bodily injury to the extent that basic reparations benefits are "payable." There is no room for statutory construction and the statute must be accepted as it is written, *Fiscal Court Commissioner's of Jefferson County v. Jefferson County Judge/Executive,* Ky.App., 614 S.W.2d 954 (1981). Where no exception is made to positive statutory terms the presumption is the Legislature intended to make none. It is not the province of the court to introduce exception by construction. *Griffin v. City of Bowling Green,* Ky., 458 S.W.2d 456 (1970). The Legislature made no exception to the word "payable" requiring actual payment of the benefits as a condition precedent to the abolishment of tort liability to the extent that the benefits were "payable." We conclude and hold, therefore, it is immaterial whether basic reparations benefits have been or have not been paid to an injured party, who is subject to our "no fault" provisions, such party is not entitled to an award from the defendant in a trial on liability for any item of damages for which such benefits are payable under the "no fault" provisions of KRS Chapter 304, Subtitle 39.

Thompson strongly insists that the trial court erred in directing verdicts in favor of appellee Utley on Piasta's claim against Utley and on Thompson's cross-claim against Utley and in directing a verdict in Piasta's favor against Thompson on the issue of liability. Our review of the record leads us to believe that reasonable minds could come to but one conclusion under the facts of this case as revealed by the evidence that Thompson was negligent in the operation of the vehicle she was driving and that such negligence caused the collisions in question. We also conclude under the same standard that neither Piasta nor Utley was negligent. As a result we affirm the trial court in directing the verdicts.

Our review of the record also compels us to disagree with Thompson's opinion that the trial court erred in instructing on future medical expenses. We find there was evidence to justify such an instruction.

Importantly and finally we hold that in view of the fact that Piasta is subject to the "no fault" provision of KRS Chapter 304, the trial court erred in failing to properly instruct the jury on the threshold questions of whether Piasta's reasonably necessary medical expenses as a result of the collision exceeded $1,000.00 and of whether she sustained permanent bodily injury as a result of the collision. *Bolin v. Grider,* Ky., 580 S.W.2d 490 (1979). Its question in its instructions concerning medical expense was improperly asked. It used the term "reasonable expenses" when there was no evidence that the charges were unreasonable. KRS 304.39–020(5)(a) provides that there shall be a presumption that medical bills are reasonable. The issue posed by the proof here is not whether the expenses were "reasonable" but it is whether they were "reasonably needed" as was the case in *Bolin v. Grider, supra.* Consequently, we reverse the trial court and remand this case for a new trial limited to the issue of Piasta's damages under proper instructions.

Upon remand the Jefferson Circuit Court shall enter judgment pursuant to its directed verdict in favor of appellee Utley. It shall order a new trial limited to the issue of Piasta's damages. Since she is subject to "no fault," the jury shall, before otherwise being instructed on the issue of damages, assuming on retrial the evidence will substantially be the same, be asked to answer the following two "no fault" threshold questions: [1]

> *Question No. 1:* Do you find from the evidence that the plaintiff, Doris Piasta, incurred charges in excess of $1,000.00 for reasonably needed expenses for products, services, and accommodations, including those for medical care and physical rehabilitation as a result of the collision of September 29, 1977?

> *Question No. 2:* Do you find from the evidence that the plaintiff, Doris Piasta, sustained permanent bodily injury within reasonable medical probability as a result of the collision of September 29, 1977?

In the event the jury's answers to both questions are "no," it should be instructed not to answer any questions concerning damages that should follow. If the answer to either question is "yes," the jury should be instructed to proceed to and answer the damage questions that should follow. Credit shall be given in any judgment entered by the trial court pursuant to a jury award of damages for uncollectible tort damages pursuant to KRS 304.39–060(2)(a). The judgment also shall provide for the trial court's directed verdict on the issue of Thompson's liability.

The effect of the above holdings are as follows:

> 1. We AFFIRM the trial court in directing verdicts against Thompson on the questions of liability;

> 2. We AFFIRM the trial court that Piasta is subject to "no fault;"

> 3. The trial court did not err in instructing on future medical expenses;

4. We REVERSE the trial court in entering judgment for damages in favor of Piasta pursuant to the jury verdict; and

5. We REMAND this case to the Jefferson Circuit Court with directions as appear above.

All concur.

---

1. The language of KRS 304.39–020(5) and KRS 304.39–060(2)(b) with respect to itemization of the incurred charges and to permanent injury respectively should be followed in so far as good English syntax and the facts of the case will permit.