Patricia Carol **DRURY** the Continental Insurance Company, Movants,

v.

Judy A. **SPALDING**, Kentucky Farm Bureau Insurance Co., Mayra Ballina and State Farm Mutual Automobile Insurance Co., Respondents.

No. 90–SC–315–DG.

Supreme Court of Kentucky.

July 3, 1991.

William P. O'Brien, Jeffrey C. Swann, Louisville, for movant, Drury.

James M. Auser, Louisville, for movant, Continental Ins.

Henry V. Sanders, Mark R. Dobiesz, Louisville, for respondents, Spalding and Ky. Farm Bureau.

Lee E. Sitlinger, Sitlinger, McGlincy, Steiner & Theiler, Louisville, for respondents, Ballina and State Farm.

LEIBSON, Justice.

Movant, Patricia Carol Drury, was a passenger in an automobile involved in a three car collision with vehicles operated by respondents, Mayra Ballina and Judy Spalding. The case was tried over five days, and a substantial portion of the time was consumed with evidence and argument regarding the nature and extent of lower back injuries Ms. Drury claimed she had sustained as a result of the collision. There was proof, *inter alia,* that Ms. Drury had a congenital condition which predisposed her to further injury at the level where she ultimately developed a herniated disc.

Following the accident Ms. Drury incurred expenses for medical treatment in the sum of $12,505.67. There was no question as to whether the amount of these expenses was reasonable. The issue was the causal relationship between the collision for which the respondents were allegedly responsible and the back conditions for which Ms. Drury was treated following the accident.

At the conclusion of the evidence Ms. Drury asked for, and was refused, instructions to the effect that she was entitled to recover damages for preexisting conditions to the extent that such were activated or aggravated by the accident. Instead, the instruction on damages was limited to telling the jury in Instruction IV to:

"... award to her such a sum of money as will fairly and reasonably compensate her for such of the following damages and losses as you believe from the evidence she has sustained directly by reason of the accident of August 25, 1985, if any there be."

Additionally, because of the threshold requirements of the no-fault law, as specified in KRS 304.39–060(2)(b), in Instruction I the trial court directed the jury to decide whether Ms. Drury "incurred charges in excess of $1,000.00 for reasonably needed medical care and treatment as a result of the collision of August 25, 1985," and stated further, if the jury answered this question "No," it should "go no further."[1] And, finally, insofar as a proof of $12,505.67 in medical expenses is concerned, in Instruction V the court stated:

"While the jury has heard evidence relative to the total medical expenses alleged incurred, such evidence was introduced to you to allow you to form a determination as to the severity and duration, or lack thereof, of the injury claimed. *Under the law of this particular case the plaintiff is not entitled to obtain recovery for the first $10,000.00 of such expenses.* If you find for the Plaintiff, you are therefore to make an

---

1. There was a similar question covering the "permanent injury" threshold in the Motor Ve-

hicle Reparations Act, but this is not in issue.

award on account of such expenses only to the extent that such expenses may exceed the sum of $10,000.00, nor are you to include in any award for pain and suffering or impairment of her power to labor to earn money if you make such awards, any of the first $10,000.00 found as to medical expenses alleged incurred." [Emphasis added].

The jury returned a majority verdict, nine of twelve jurors signing on, answering "No" to the question in Instruction I as to whether the plaintiff "incurred charges in excess of $1,000.00 for reasonably needed medical care and treatment as a result of the collision of August 25, 1985." The trial court entered judgment for respondents. The movant appealed claiming the trial court erred:

1) In failing to instruct the jury that she was entitled to recover for preexisting conditions to the extent activated or aggravated by the accident; and

2) This error was compounded by Instruction V advising the jury "the Plaintiff is not entitled to obtain recovery for the first $10,000.00 of such expenses."

The Court of Appeals affirmed, holding the instructions expressing the so-called no-fault threshold as set out in the Motor Vehicle Reparations Act, KRS 304.39–060(2) *supra*, were as specified in *Thompson v. Piasta*, Ky.App., 662 S.W.2d 223 (1983), and that since the jurors answered the "threshold questions in the negative, they were not required or permitted to address any other issues." There is verbiage in the Court of Appeals' Opinion suggesting it was of the opinion that none of the trial court's instructions were necessarily prejudicially erroneous, but the main thrust of the Court of Appeals' Opinion was that a negative answer to the threshold questions made further complaints irrelevant. We have accepted discretionary review, and reverse.

■ It has long been the law that "one may recover for injury which aggravates an existing one, or develops a latent one so as to increase the pain and suffering or result in permanent impairment of the injured person." *Louisville & N.R. Co. v. Kerrick*, 178 Ky. 486, 199 S.W. 44, 46 (1917). "Defendant must respond in damages for such part of the diseased condition as his negligence has caused." *Id.*, citing *Ruling Case Law.* Recently, in *Wemyss v. Coleman*, Ky., 729 S.W.2d 174, 178 (1987), we restated the:

"... basic legal premise that the tortfeasor takes the claimant as he finds him and is entitled to neither credit nor setoff against the amount of the claimant's damages because of preexisting physical conditions which make the claimant more susceptible to injury, or to greater injury, than would have been the case with better health."

For many years, defendants have routinely asked for and received instructions from the trial court that the jury is "not to award damages for any pre-existing condition except to the extent it was aggravated." *Ford Motor Co. v. Zipper*, Ky., 502 S.W.2d 74, 79 (1973).

Historically, it has been defendants who have needed and sought the protection of an instruction providing further explanation to the language found in Instruction IV expressing causal relationship as "sustained directly by reason of the accident." As illustrated by this case, the advent of the no-fault thresholds has turned this situation around. The term "sustained directly by reason of the accident," without further explanation, is potentially misleading because the term "directly" suggests "exclusively," which is not the case when there is an aggravation or activation of a preexisting condition. And in this light the words used in Instruction I to express the no-fault threshold, "for reasonably needed medical care and treatment as a result of the collision of August 25, 1985," can be misunderstood as meaning such "care and treatment" must be needed *solely* "as the result of the collision," excluding underlying conditions.

The principle that a claimant is entitled to compensation for damages for a preexisting injury to the extent "activated or aggravated" by the negligent act of the defendants, as stated in the appellant's ten-

dered Instructions IV and V, applies to the no-fault threshold as well as to other instructions on damages. These instructions would have led the jury to the correct factual issue. Here the instructions left the parties in the position of needing to argue to the jury the meaning of the phrases used by the trial court to express causal relationship in Instructions I and IV, whereas the movant was entitled to have such meaning explained beyond the point of debate. In *Thompson v. Piasta, supra,* and *Bolin v. Grider,* Ky., 580 S.W.2d 490 (1979), cited by the respondents, the issue now before us was neither raised nor decided. In the circumstances of this case, respondent was entitled to an instruction stating, in the affirmative, that she should be compensated for losses causally related to a preexisting condition to the extent, if any, such condition was activated or aggravated by the collision of August 25, 1985.

■ The problem here was compounded by Instruction V, set out earlier in this Opinion, advising the jury "the Plaintiff is not entitled to obtain recovery for the first $10,000.00 of such ['medical'] expenses." On the contrary, if the jury found activation or aggravation of a preexisting condition in this accident, as a matter of law the jury was required to consider *all* medical expenses related to the accident, not just those that exceed "the first $10,000.00," in deciding whether plaintiff had crossed the $1,000 medical expense threshold. In considering Instruction I with Instruction V in mind, the jury may well have been misled to believe that plaintiff did not have expenses exceeding the no-fault threshold unless the expenses which could be attributed to the accident exceeded $11,000, rather than $1,000.

■ Instruction V was an explanation the trial court deemed appropriate because basic reparations benefits, rather than a tort claim, are the exclusive remedy for the first $10,000 in medical expense and work loss sustained by a no-fault plaintiff. *See* KRS 304.39–020(2), and the various definitions of "basic reparation benefits," "loss," "medical expense," and "work loss," in KRS 304.39–020. Here it was undisputed

that movant was entitled to, and did, receive $10,000 in no-fault benefits from her reparations obligor, Continental Insurance Co. Continental was a party to the case for the purpose of being repaid if the movant should succeed in establishing her claim and is a party to this appeal.

There was never any question that if movant established medical expenses causally connected to the accident in question, Continental was entitled to reimbursement for the first $10,000 of medical expenses, which it had advanced. None of the parties, movant or respondents, requested Instruction V, and while it was substantially correct as an abstract proposition, it did not address the issues that the jury needed to decide. Without explanation as to *why* the plaintiff was not entitled to obtain recovery for this first $10,000 of expenses, it was potentially misleading and confusing. Two previous appellate decisions, *Thompson v. Piasta, supra,* and *Beckner v. Palmore,* Ky.App., 719 S.W.2d 288 (1986), have instructed trial courts to take care of this matter by giving the plaintiff's reparation obligor "credit" in the judgment. As stated in *Beckner,* "the proper procedure is to reduce the amount of judgment at the conclusion of the trial to the extent that its award would provide a double recovery." *Id.* at 289.

■ Nevertheless, here the Court of Appeals responded to the movants' argument that "giving the instruction created an unnecessary probability that the jury would be influenced by it and therefore ignore the first $10,000 of her medical expenses when determining whether the $1,000 threshold had been met," by stating:

"We agree that it would be the better practice in the future for the court to simply reduce any jury award as necessary at the conclusion of the trial, rather than instructing the jury on the $10,000 credit. *See Beckner v. Palmore,* Ky. App., 719 S.W.2d 288 (1986). However, we are of the opinion that the court's error, if any, was not prejudicial to appellant in the particular circumstances of this case."

The "particular circumstances" to which the Court of Appeals' Opinion refers is that court's belief that the jury never reached this misleading Instruction V because it never got beyond the threshold questions in Instruction I. But *all* of the instructions were read to the jury before closing arguments, and copies of the instructions were given to *each* juror to take with them and consider in their deliberations. The jury deliberated some three hours before returning a verdict in this case, and, because this was a nine out of twelve verdict, the jury necessarily read through the instructions to the explanation about majority verdicts in Instruction VIII. Under *normal* circumstances there is no reason to assume that a jury does not consider all instructions in seeking to render a true verdict; given the situation as represented by this record, it is highly unlikely the jury did not try to understand and utilize Instruction V in the course of its deliberations about Instruction I.

As stated in *Robinson v. Murlin Phillips & MFA Insurance Co.*, Ky., 557 S.W.2d 202 (1977), the instructions as to the legal effect of the jury's decision should not be presented to the jury. There was no valid reason for the jury to be told the movant was not entitled to recover a portion of her medical expenses.

Both sides cite *Ballback's Adm'r v. Boland–Maloney Lumber Co.*, 306 Ky. 647, 208 S.W.2d 940 (1948), to the effect that instructions which are "substantially correct" should not be "condemned as prejudicial unless they are calculated to mislead the jury." We agree, but here there is a substantial likelihood the jury was confused and mislead by the instructions. As stated by Judge Porter Sims in *Prichard v. Kitchen*, Ky., 242 S.W.2d 988, 992 (1951):

"The rule is that generally an erroneous instruction is presumed to be prejudicial to appellant, and the burden is upon appellee to show affirmatively from the record that no prejudice resulted; and when the appellate court cannot determine from the record that the verdict was not influenced by the erroneous instruction, the judgment will be reversed."

There are two substantial errors regarding instructions, as we have discussed, in this case, and we "cannot determine from the record that the verdict was not influenced by" these instructions. Therefore, the judgment will be reversed. We remand to the trial court for further proceedings consistent with this Opinion.

STEPHENS, C.J., and COMBS, LAMBERT and LEIBSON, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which REYNOLDS and SPAIN, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because the error, if any, in regard to the instructions was nonprejudicial and when considered as a whole, the instructions were not improper.

Drury was injured as a passenger in an automobile involved in a three-vehicle chain-reaction collision. After a five-day trial, nine persons on the jury decided that the Drury medical expenses did not meet the threshold to overcome the bar against her bringing a court action and she was denied any recovery.

The instruction given by the trial judge followed the language of *Bolin v. Grider*, Ky., 580 S.W.2d 490 (1979). Drury argues that the failure of the trial court to give instructions which she tendered was prejudicial error. The failure of the trial court to give the instructions requested by Drury was nonprejudicial error because the jury never reached the portions of the instructions where Drury's instructions would have appeared. If this situation is considered from a practical perspective of a jury, rather than through a strict technical legal analysis, it appears that Instruction I, did not prejudice Drury.

The trial judge correctly instructed the jury to award Drury only those damages sustained directly by reason of the accident notwithstanding her requested "aggravation" language.

The negative response of the jury to the critical "no-fault threshold" questions in

Instruction No. I barred Drury from any recovery due to the no-fault acts litigation restrictions in K.R.S. 304.39–060. The Instructions IV and V were not erroneous and did not prejudice Drury; at the most, they were harmless error, if error, at all.

The instructions of the trial judge in regard to the first $10,000 was not improper or unduly prejudicial when considered as a whole.

There was sufficient evidence for the jury to answer the interrogatory in the negative and thereby obviate the necessity for the jury to consider other instructions pertaining to liability and compensation.

I find no reason to reverse the decision of the Court of Appeals or to say that the jury was confused by the $10,000 instruction, or that any other prejudice resulted from it. Accordingly, I would affirm the decision of the Court of Appeals in all respects.

REYNOLDS and SPAIN, JJ., join in this dissent.