RENDERED: JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2023-CA-0821-MR

MALENA LINK AND DONALD
PATRICK LINK                                                              APPELLANTS

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE MITCHELL PERRY, JUDGE
            ACTION NO. 19-CI-006106

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY                                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE: Malena Link and Donald Patrick Link appeal from a judgment

issued pursuant to a jury's verdict in their underinsured motorist claim against

State Farm Mutual Automobile Insurance Company. We affirm.

A vehicle in which Donald was driving and Malena was a passenger was rear-ended near Pittsburgh, Pennsylvania. It is unquestioned that the driver of the other vehicle was legally drunk and completely at fault for the collision. The other driver was convicted of criminal offenses in Pennsylvania courts. Malena sought immediate medical care and remained hospitalized for about two weeks. It is unquestioned that she suffered a fracture to her back. Malena also asserts her rotator cuff problems stem from the collision and its aftermath, though the relationship between her shoulder issues and the collision is disputed. Donald did not seek medical care for roughly a week after the collision. Donald admits he had pre-existing back issues but whether the collision exacerbated those pre-existing issues is disputed.

Donald and Malena eventually settled their claims against the other driver and his insurance company. They eventually filed this action against State Farm, their own insurance carrier, pursuant to the underinsurance provisions in their automobile insurance policy because, in their view, their damages, including recommended expensive surgery on Donald's back, exceeded the amount for which they settled with the other driver's insurer.

The Links' claims proceeded to a multi-day jury trial held in June 2023. The Links and State Farm each presented expert medical opinions supporting their respective positions. The Links' core position is that their injuries,

and the ramifications thereof, are attributable to the collision. State Farm, on the other hand, disputed that Malena's shoulder injuries stemmed from the collision and that Donald suffered a compensable exacerbation of his pre-existing back condition.

The jury instructions submitted by the trial court required the jury to first answer this question:

> In order to find for the Plaintiff, Donald Patrick Link, for the injuries alleged, you must find that the automobile accident of October 13, 2018, was a substantial factor in causing each of the injuries claimed by Mr. Link.
>
> Do you believe from the evidence that the automobile accident of October 13, 2018, was a substantial factor in causing each of the injuries to Donald Patrick Link from which you have heard testimony?

Trial court record ("R.") at 981. The court also gave an instruction as to Malena Link, which was identical except her name was substituted for Donald's.

That text was followed with the word "YES" written directly above the word "NO," with language directing the jury to circle one or the other. The instruction then had space for the foreperson to sign if the verdict was unanimous or for up to eleven jurors to sign if the verdict was not unanimous. The jury circled "NO" as to Donald and "YES" as to Malena.

The instruction regarding Donald contained language at its bottom directing the jury to skip the next instruction if it answered "NO." Thus, the jury did not address the next instruction, which would have allowed them to award damages to Donald.

Because the jury answered "YES" to the initial instruction as to Malena, it proceeded to the damages instruction, which substantively provided:

> If you answered "Yes" to Instruction No. 3, you will now determine from the evidence and state below what sum or sums of money, if any, will fairly and reasonably compensate Malena Link for the following damages, if you believe from the evidence that she has sustained any one or more of them directly by reason of the October 13, 2018, accident, and/or aggravation of any pre-existing injuries, if any, directly by reason of this accident . . . .

R. at 984. The instruction then contained blank spaces allowing the jury to write in a separate damage award to Malena in five categories: past medical expenses, future medical expenses, pain and suffering, loss of power to labor, and loss of services and conjugal relations. The jury awarded Malena $75,000 each for past medical expenses and pain and suffering but zero in the other categories. In sum, the jury awarded Donald nothing and Malena $150,000.

Because $150,000 is less than the amount they received from the other driver, the practical effect was that the Links recovered nothing. *Progressive Max Ins. Co. v. Jamison*, 431 S.W.3d 452, 458 (Ky. App. 2013) (noting that

-4-

underinsurance benefits "are available only when the judgment exceeds the tortfeasor's liability insurance policy limits"). This appeal followed.

The Links raise two main arguments, which we shall resolve in the opposite order they were presented to us. First, they argue the trial court erred by excluding evidence of the other driver's criminal charges stemming from the collision. Second, they argue the jury instructions were flawed.

We begin with the exclusion of the other driver's criminal charges.[1] Our review of a trial court's evidentiary decisions is deferential since that court has "broad discretion in making evidentiary determinations." *Primal Vantage Company, Inc. v. O'Bryan*, 677 S.W.3d 228, 239 (Ky. 2022).

"The trial court serves an important evidentiary-screening function to ensure that, to the extent possible, only relevant evidence is admitted." *Id.* at 237. Indeed, evidence which is not relevant is inadmissible under Kentucky Rule of Evidence ("KRE") 402. And *relevant evidence* is defined in KRE 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In short, "whatever naturally and logically tends to establish a fact in issue, is relevant, and that which fails to qualify in this

---

[1] "We have considered the parties' extensive arguments and citations to authority but will discuss only the arguments and cited authorities we deem most pertinent, the remainder being without merit, irrelevant, or redundant." *Schell v. Young*, 640 S.W.3d 24, 29 (Ky. App. 2021).

respect is not relevant." *Sallee v. Ashlock*, 438 S.W.2d 538, 542 (Ky. 1969) (quoting *Jones on Evidence*, Vol. 1, s 151, 270).

Here, evidence regarding the other driver's criminal charges, or convictions, was not relevant because it did not logically help establish any fact at issue. It is undisputed that the collision was entirely the fault of the other driver. It is undisputed that Donald and Malena's car was badly damaged. The charges did not help prove the extent of Donald or Malena's injuries. The charges did not help prove whether any of those injuries were proximately caused by the collision. The charges did not help prove the amount of Donald or Malena's past, or future, medical bills. The charges did not help prove any change in the ability of Donald or Malena to perform work duties, or the amount of any lost income either incurred. The charges did not help prove the extent of Donald or Malena's pain and suffering. In sum, the charges did not help prove, or disprove, any pertinent issue before the jury. Consequently, the charges and convictions failed to pass the relevancy test in KRE 401, and so we affirm the decision to exclude them.

We now turn to the jury instruction issue, the gist of which is whether the trial court erred by requiring the jury to find the collision was a substantial factor in causing "each of" Donald and Malena's injuries. "In this jurisdiction it is a rule of longstanding and frequent repetition that erroneous instructions to the jury are presumed to be prejudicial . . . ." *McKinney v. Heisel*, 947 S.W.2d 32, 35 (Ky.

-6-

1997).  However, "[t]echnically incorrect instructions are not grounds for reversal where the rights of the losing party are not prejudiced."  *Miller v. Miller*, 296 S.W.2d 684, 687 (Ky. 1956).  "A properly preserved challenge to the contents of a given jury instruction is a question of law subject to de novo review on appeal." *Norton Healthcare, Inc. v. Disselkamp*, 600 S.W.3d 696, 709 (Ky. 2020).[2]

The gist of the Links' argument is that the "each of" language turned the verdict into an all or nothing situation – the jury had to conclude that either all of the Links' claimed injuries stemmed from the collision or none did.  We agree. In a case involving multiple alleged injuries, a jury should be instructed in a manner which allows it to determine whether the plaintiffs suffered any injuries supported by the evidence for which the defendant bears responsibility.  The

---

[2] The jury instruction conference was, for reasons not apparent from the face of the record, not recorded.  The trial court approved the supplementation of the record to include an affidavit from the Links' counsel, the relevant portions of which are:

> 2.  Affiant on May 9, 2023 did make an objection to the Court[']s Instructions in the above trial.  Plaintiff's [sic] counsel objected to the use of the phrase '""[sic] in causing each of the injuries claimed" in Instruction No[.] 1 and Instruction No. 3.
>
> 3.  Affiant's [sic] argued that said wording would require the jury to find all or none of the alleged injuries.
>
> 4.  Affiant requested the instructions he tendered on behalf of the Plaintiffs be given.

R. at 1003.  The trial was held from June 5-8, 2023.  We presume the affidavit's curious assertion that counsel objected to the court's instructions on May 9, 2023, is a typographical error.  Regardless, we accept that the Links preserved their objection to the "each of" language.

instruction here was flawed because it did not allow the jury to determine whether some, but not all, of the Links' injuries stemmed from the collision.

The disputed facts of this case illustrate well why the "each of" language was improper. Malena Link claimed that both her back and shoulder were injured as a result of the collision. State Farm, essentially, only actively contested whether the collision caused Malena's shoulder condition. But the instruction's plain language allowed the jury to answer "yes" (indicating the injuries were sustained as a result of the collision) only if it found from the evidence that "each of" – *i.e.*, both of – Malena's injuries were a result of the collision. In other words, if the jury concluded that Malena's back was harmed as a result of the collision, but her shoulder was not, it would have had to answer "no" because, under those facts, "each of" her injuries had not been caused by the collision. In turn, that would have prevented the jury from awarding Malena damages for her injured back, even though it seems uncontested that the collision injured her back. An instruction whose language may prevent a plaintiff from receiving damages for an otherwise compensable injury is improper.

We emphatically reject State Farm's unsound argument that the Links' counsel somehow cured, or explained away, the instructional error during closing argument. State Farm's argument is directly contrary to binding precedent from our Supreme Court which explicitly holds that an attorney's arguments may

not "rehabilitate otherwise erroneous or imprecise jury instructions." *Dixon v. Commonwealth*, 263 S.W.3d 583, 593 (Ky. 2008) (footnote and citations omitted). "Or, in other words, the concept of fleshing out bare bones instructions permits counsel to attempt to explain the instructions to the jury but does not permit counsel to attempt to correct erroneous jury instructions." *Harp v. Commonwealth*, 266 S.W.3d 813, 820 (Ky. 2008).

Having determined the instruction was flawed, we must now determine whether the error prejudiced Donald and/or Malena.[3]  It did not.

Here, the Links' brief regarding Donald's injuries focuses solely on his back, specifically an allegation that the collision aggravated his pre-existing bad back.[4]  Since Donald focuses on only one "injury" in his briefs, the instruction requiring the jury to find that "each of" his injuries was attributable to the collision was not prejudicial.  In other words, since Donald claimed only one injury, his was inherently an "all or nothing" situation regarding whether he was entitled to damages – either the jury believed his prior back condition was exacerbated by the

---

[3] Our reasoning differs from that employed by the trial court, which obviously believed the instructions were proper.  However, "[i]f an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Trust Co.*, 434 S.W.3d 489, 496 (Ky. 2014).

[4] We decline to sift through the voluminous record or watch a multi-day trial to learn whether Donald ever claimed any injuries to any other body parts incurred due to the collision.

collision or it did not. And the expert witness presented by State Farm testified in a manner which would reasonably support the jury's verdict as to Donald.[5]

Malena's situation is factually different, but the legal result is the same. Broadly speaking, Malena claimed two injuries - to her shoulder and to her back. The "each of" language in the instruction required the jury to find that both injuries were attributable to the collision in order to award her any damages. In other words, the instruction did not permit the jury to award Malena damages for her uncontested back injury if it found that her contested shoulder injury was not related to the collision. Therefore, the instruction was erroneous.

However, the jury answered "yes" to the question involving the "each of" language – an answer entirely favorable to Malena. We may not reasonably conclude there was prejudicial, reversible error stemming from an improper instruction when the jury answered that flawed instruction in a manner favorable to the party seeking relief due to the flaw.

---

[5] State Farm's medical expert testified that none of Donald's injuries were due to the accident; instead, the expert opined they were degenerative conditions. The expert testified that Donald would require no future medical care stemming from the collision and that he was no more limited in his abilities after the collision than before it. However, the expert also testified that he generally took patients at their word regarding subjective complaints of pain and so had assumed, at least initially, that the collision temporarily aggravated Donald's pre-existing back condition. The expert thus testified that Donald's initial seeking of medical treatment was reasonable. In short, State Farm's expert's testimony was somewhat internally contradictory.

-10-

Since the unfortunate inclusion of the "each of" language in the instructions did not prejudice "the rights of the losing party[,]" the instructional error was harmless under these unique facts. *Miller*, 296 S.W.2d at 687.

The Links' final argument is that the instructions did not adequately address their claims regarding exacerbation of a pre-existing condition. We conclude they have not shown this issue was properly preserved.

The jury instruction conference was not recorded and there is no mention of an exacerbation instruction in the Links' counsel's affidavit. Therefore, we cannot consider the Links to have preserved the error at the instructional conference. *See* Kentucky Rules of Appellate Procedure (RAP) 25(B) ("The appellate court shall not consider any claim or contention which is based upon a portion of the record below that has not been made part of the record before the appellate court.").

The Links insist they tendered an exacerbation of a pre-existing condition instruction in their brief, but they tellingly do not cite to anywhere in the written record where we may view that tendered instruction.

To be sure, the Links attach what purports to be their tendered instructions as an exhibit in the appendix to their opening brief, and that exhibit contains an exacerbation instruction. However, the Links' tendered instructions do not contain that exacerbation instruction. *See* R. at 385-390; 415-20 (the record

-11-

contains two sets of seemingly identical proposed instructions tendered by the Links).  In short, the tendered instructions attached to the Links' brief do not match those they submitted prior to trial.  It is **highly** improper for counsel to place items in an appendix which are not found in the record.  *See* RAP 32(E)(1)(c) ("Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs.").  And, under RAP 25(B), we "shall not consider any claim or contention which is based upon a portion of the record below that has not been made part of the record before the appellate court."  We therefore decline to consider the exacerbation instruction found in the appendix to the Links' brief.[6]

Preservation thus depends on two brief discussions at the bench which occurred during the penultimate day of the trial.  At a bench conference, the Links' counsel stated that he had brought in an aggravation of a pre-existing condition proposed instruction and opined "that should be given."  The court responded "alright, let me think about that."  Video, 6/7/23 at 12:07:45 *et seq*.  Counsel did not ask the trial court to make the tendered instruction a part of the record or orally inform the court as to that proposed instruction's contents.  At another bench

---

[6] RAP 32(E)(d) states that the index to the appendix to a brief "shall set forth where each document may be found in the record."  The index to the Links' brief does not contain pinpoint cites to where the items within the appendix may be found in the voluminous record.  We have leniently chosen not to sanction counsel for the multiple violations of RAP within the Links' brief but strongly caution counsel to not expect such leniency in the future.

-12-

conference later that day, the Links' counsel asked the trial court if it had looked at "my aggravation of a pre-existing condition." The judge responded that he had and "it will be embedded in the question." The Links' counsel merely responded "thank you, sir." *Id.* at 3:49:19 *et seq.* Again, counsel did not ask the trial court to include the tendered exacerbation instruction in the record, nor did counsel express any dissatisfaction whatsoever with the trial court's decision to embed exacerbation language within another instruction. Counsel did not inquire as to the precise language the trial court intended to use in the exacerbation instruction, so counsel certainly did not object to that language at the bench conference.

The upshot is this: we have nothing in the record to show what, precisely, the Links wanted an exacerbation instruction to include or where, precisely, they wanted that language to appear within the instructions. At most, the Links have shown they vaguely asked for the instructions to include exacerbation language – which they do. *See* R. at 982, 984. We cannot therefore perceive any sort of obvious error due to a complete omission of a proper basis for recovery. *See Drury v. Spalding*, 812 S.W.2d 713, 715 (Ky. 1991) (holding that "a claimant is entitled to compensation for damages for a preexisting injury to the extent 'activated or aggravated' by the negligent act of the defendants").

Kentucky Rule of Civil Procedure (CR) 51(3) provides that "[n]o party may assign as error the giving or the failure to give an instruction unless he

-13-

has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection." Our Supreme Court has explained that rule means that a challenge to a jury instruction is preserved by a party "making an objection, either oral or written, before the court instructs the jury, that specifically states the matter to which he objects and the ground or grounds of his objection, or by offering his own proposed instructions which fairly and adequately present his position." *Norton Healthcare, Inc. v. Disselkamp*, 600 S.W.3d 696, 709 (Ky. 2020) (internal quotation marks and citations omitted).

Here, none of those preservation requirements are facially satisfied. The Links have not pointed to anywhere we may view an exacerbation instruction they tendered to the trial court. Thus, because we cannot compare the Links' exacerbation instruction to that utilized by the trial court, we cannot conclude they preserved the issue by tendering an instruction which fairly and adequately presents their position on the issue. Similarly, the Links have not pointed to anywhere in the record where they objected to the exacerbation language used by the trial court. Of course, the jury instruction conference was not recorded, but the Links' counsel failed to address any objections to the court's exacerbation instruction in counsel's affidavit. In fact, the Links' counsel expressed no

dissatisfaction with the trial court's statement that exacerbation language would be embedded within another instruction.

Our Supreme Court has forcefully held that "if a party fails to preserve properly a challenge to jury instructions in the trial court, the challenge is not entitled to appellate review." *Disselkamp*, 600 S.W.3d at 709-10. Therefore, we decline to address further any issues raised by the Links regarding the exacerbation instruction.

For the foregoing reasons, the Jefferson Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Grover S. Cox
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jared L. Downs
Louisville, Kentucky